■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO J. CLAUDIO, Appellant.—Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 12, 1990, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

We reject defendant's contention that County Court erred in accepting his plea of guilty without first ordering a competency hearing. Under CPL 730.30 (1), a psychological examination is required when the court is "of the opinion that the defendant may be an incapacitated person". Here, the record fails to reveal the existence of any reasonable grounds to believe that defendant was incapable of understanding the charges against him or of making his defense *(see, People v Armlin,* 37 NY2d 167; *People v Jones,* 134 AD2d 701, *lv denied* 71 NY2d 969). His statements at the plea allocution and at sentencing fail to indicate any sign that he was incapacitated. In addition, failure to admit sufficient facts to establish each and every element of the charged crime does not, as a matter of law, preclude a valid plea of guilty *(see, People v Smith,* 146 AD2d 828, *lv denied* 74 NY2d 669). County Court conducted a thorough inquiry as to whether defendant wished to plead guilty notwithstanding his alleged lack of memory due either to his being intoxicated or under the influence of drugs *(see,*

*supra).* His indication that he was pleading guilty to limit the possible penalty to which he would be exposed upon trial, even given his inability to admit participation in the crime, does not invalidate the plea *(see, People v Krawitz,* 151 AD2d 850, *lv denied* 74 NY2d 742).

Weiss, P. J., Mikoll, Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.