■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK D. MOODY, Appellant. [600 NYS2d 581] —Judgment affirmed. Memorandum: We reject defendant's contention that County Court should have given an adverse inference charge with respect to a missing composite drawing of the robber, drawn from a description provided by the bank teller who had been held up. Although the drawing should have been disclosed before trial *(see,* CPL 240.20 [1] [d]), the court properly considered the circumstances surrounding its disappearance. We agree that defendant was not prejudiced by its nondisclosure. The bank teller testified at trial and was subjected to vigorous cross-examination concerning the description that she had given to police officers on the day of the robbery. Further, defendant was positively identified by two other witnesses.

We also reject defendant's contention that photographs, printed from a videotape made by the bank's security camera, should not have been admitted into evidence because they were "fuzzy". Those pictures showed the person robbing the bank and were relevant and material to the question of identity. Whether the pictures were sufficiently clear goes to weight, not admissibility. Nor did the court err in granting the jury's request, during deliberations, for a magnifying

glass. As the court correctly observed, use of the magnifying glass was for the purpose of enhancing the clarity of the photographs, similar to the use of reading glasses. It was not to be used for such impermissible purposes as comparing fingerprints (see, People v Fields, 152 AD2d 958, affd 76 NY2d 761) or determining whether a handwriting exhibit had been tampered with (see, People v Strewl, 246 App Div 400, appeal dismissed 271 NY 607).

We have examined defendant's remaining contentions and find them to be without merit.

All concur except Green and Fallon, JJ., who dissent and vote to reverse in the following Memorandum.

Green and Fallon, JJ., dissenting. We dissent. Defendant was entitled to the adverse inference charge he requested with respect to the missing composite sketch. The composite drawing could have been of tremendous value on cross-examination by defense counsel. In our view the trial court's refusal to give the charge because there was "so little testimony" about the drawing was an abuse of discretion and the fact that the drawing was made and the People failed to produce it was sufficient to entitle defendant to the adverse inference charge (cf., People v Morillo, 181 AD2d 532, lv denied 80 NY2d 835).

We further conclude that the failure to give the requested charge cannot be considered harmless error. The witness involved in the preparation of the missing composite was Lila Fitzgerald, the teller who arguably had the best opportunity to observe defendant. The jury, obviously troubled by the identification in this case, requested that the testimony of "Lila Fitzgerald and Gail Gordon's description of the robber" be read back. During deliberations the jury also inquired whether it was possible for the Judge to comment on the possibility of a "look-a-like" being a "reasonable doubt". The court's response to that inquiry was that the court did "not want to comment on the possibilities of a look-alike of a defendant being a reasonable doubt". The court went on to repeat portions of its reasonable doubt charge. We conclude that the response to the jury's request was insufficient. Furthermore, the troubling identification issue was exacerbated by the fact that the jury sought and received permission to use a magnifying glass of unknown power and quality to view "fuzzy" photographs received in evidence. The identification evidence was less than overwhelming and we are not satisfied that defendant received a fair trial. We would reverse and grant a new trial. (Appeal from Judgment of Onondaga

County Court, Mulroy, J.—Robbery, 3rd Degree.) Present—
Callahan, J. P., Green, Lawton, Fallon and Boehm, JJ.