■ The People of the State New York, Respondent, v Craig Sims, Appellant. [629 NYS2d 923] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred by failing to follow the requirements of CPL article 730 to determine whether defendant was competent to stand trial at the time his plea was entered. The record reveals that the court was not "of the opinion that defendant may be an incapacitated person" and it was not, therefore, obligated to issue an order of examination or otherwise to comply with CPL article 730 (CPL 730.30 [1]). The determination to order an informal evaluation by the court clinic was within the court's discretion and did not automatically require compliance with article 730. Furthermore, the record contains no evidence "to reveal the existence of any reasonable grounds to believe that defendant was incapable of understanding the charges against him or of making his defense" *(People v Claudio,* 183 AD2d 945, citing *People v Arm-*

*lin,* 37 NY2d 167; *see, People v Jones,* 134 AD2d 701, *lv denied* 71 NY2d 969). To the contrary, the record reveals that defendant was lucid and responsive to the court's questioning, understood the proceedings and charges against him and was capable of assisting in his defense.

The contention that a special prosecutor should have been appointed because the victim is the sister of an Assistant District Attorney of Monroe County was waived by defendant's guilty plea *(see, People v Taylor,* 65 NY2d 1; *People v Cole,* 152 AD2d 851, 853, *lv denied* 74 NY2d 895). (Appeal from Judgment of Monroe County Court, Bristol, J.—Robbery, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.