■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS S. PLANTY, Appellant. [657 NYS2d 109] —Carpinello, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered July 14, 1995, convicting defendant upon his plea of guilty of the crime of attempted escape in the first degree.

On October 5, 1994, defendant, an inmate at Washington Correctional Facility in Washington County, made an unsuccessful attempt to escape from that facility by scaling a secu-

rity fence. Defendant was subsequently indicted and convicted upon his plea of guilty of the crime of attempted escape in the first degree. He was sentenced to a prison term of 1 to 3 years, to run consecutive to the term he was then serving. Defendant now appeals, contending, *inter alia*, that County Court erred in failing to order, *sua sponte*, a competency hearing pursuant to CPL 730.30 (1) prior to accepting his plea. We find no error and, therefore, affirm.

A defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him (*see, People v Armlin*, 37 NY2d 167, 171; *People v Dover*, 2 AD2d 804, 805, *lv denied* 88 NY2d 984; *see also*, CPL 730.10 [1]; 730.30 [1]). Our review of the record indicates no basis to believe that defendant was mentally incompetent at the time he entered his plea (*see, People v Troiano*, 200 AD2d 914, *lv denied* 83 NY2d 1008; *People v Claudio*, 183 AD2d 945). On the contrary, defendant's behavior during court proceedings and his responses to questioning at the plea and sentencing were appropriate. He stated that he was in good physical and mental health, that he was not under the influence of drugs, medication or alcohol, that he wished to plead guilty and that he understood the rights he was forfeiting by his plea. Defendant stated that the plea was being given voluntarily and he clearly and coherently admitted his guilt to the crime charged. Moreover, defendant demonstrated an astute understanding of the proceedings by zealously advocating on his own behalf that he should not be sentenced as a second felony offender. We do not find that the written material attributed to defendant was of such a nature as to have placed defendant's competency in doubt. Nor do we find the fact that the presentence report indicated that defendant had been diagnosed with "adjustment disorder with disturbance of conduct" four years earlier, without more, mandated that County Court order a psychiatric evaluation. Accordingly, we find no abuse of discretion in County Court's failure to order a competency hearing.

We have considered defendant's remaining claim that his counsel was ineffective and find it to be without merit.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.