■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT WHEELER, Appellant. [672 NYS2d 155] —Yesawich Jr., J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered January 2, 1996, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

After attacking a correction officer at Great Meadow Correctional Facility in Washington County, defendant, then an inmate there, was indicted upon charges of promoting prison contraband, assault and attempted murder in the first degree. A day before his trial was scheduled to commence, defendant agreed to plead guilty to one count of attempted murder in the second degree in satisfaction of the entire indictment. In exchange, the People recommended a sentence of 7½ to 15 years' incarceration. Following a fully adequate colloquy, County Court accepted the plea arrangement and sentenced defendant in accordance with the agreement. This appeal ensued.

Defendant's contentions are groundless. In view of defendant's rational participation in, and evident comprehension of, the proceedings before County Court, neither his filing of a notice of intent to raise an insanity defense nor his attorney's comment—that her client had been transferred "back and forth" between two facilities, one of which apparently contains a psychiatric hospital for prison inmates—constituted "reasonable grounds" for believing that defendant may have been incompetent to stand trial, such that it would have been incumbent upon County Court to order a competency evaluation (*see*, CPL 730.30) prior to entering final judgment (*see*, *People v Armlin*, 37 NY2d 167, 171; *People v Claudio*, 183 AD2d 945). A review of the plea colloquy and sentencing minutes reveals nothing suggesting that defendant was disoriented or unable to understand the proceedings or work with his attorney (*see*, *People v Morton*, 173 AD2d 1081, 1083, *lv denied* 78 NY2d 1129; *People v Jones*, 143 AD2d 465, 466). The mere

existence of a notation in the presentence report that defendant, some three years earlier, had been diagnosed as suffering from a mental disorder, does not, without more, trigger a duty to inquire further as to his competency (*see, People v Planty*, 238 AD2d 806, *lv denied* 89 NY2d 1098; *People v Clickner*, 128 AD2d 917, 918-919, *lv denied* 70 NY2d 644).

Nor was defendant, as he complains, afforded less than effective assistance of counsel. Defense counsel made a comprehensive pretrial motion and sought relevant discovery. He also preserved defendant's right to raise a defense based on mental disease or defect, by filing the appropriate notice and effectively arguing for its late. acceptance, and, not insignificantly, negotiated an advantageous plea bargain (*see, People v Ford*, 86 NY2d 397, 404; *People v Morelli*, 228 AD2d 818, 819, *lv denied* 88 NY2d 990). Moreover, defendant has failed to demonstrate that his counsel lacked a legitimate reason for not requesting a competency hearing or for not continuing to pursue the insanity defense (*see, People v Bass*, 236 AD2d 651, 652).

Finally, in view of the nature and circumstances of the underlying crime and defendant's criminal history, we find the agreed-upon sentence (which is below the harshest allowed for the crime given defendant's status as a second violent felony offender) is in no respect inappropriate (*see, People v Fish*, 235 AD2d 578, 581, *lv denied* 89 NY2d 1092).

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.