THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE JOHNSON, Appellant. [676 NYS2d 366] —Judgment affirmed. Memorandum: We reject defendant's contention that Supreme Court erred in granting the People's challenge for cause of a sworn juror. The record establishes that, on the day after being sworn as a trial juror and while jury selection was still in progress, the juror informed the court and counsel that she was uncomfortable about serving as a juror. Throughout her conversation with the court and counsel, the juror repeatedly expressed concern that she was uncomfortable with the consequence of whatever decision she made with respect to defendant's guilt. She stated, "I don't know if I could deal with being in judgment of someone's destiny. I don't know if I could handle that or not." After the court told her that, as a juror, she would only be deciding guilt and would not be involved in "put[ting] anybody away", the juror responded, "I know I would be totally fearful. I'm just not comfortable that if I felt he were guilty I know he would have to go to jail. I'm just not comfortable." The juror further stated that, even though she could decide whether defendant was guilty, her "problem" was that, if she found him guilty, she "would be responsible for putting him in jail for the rest of his life or whatever." In urging that the juror be discharged, the prosecutor observed that the juror hesitated and paused during some answers and exhibited facial expressions indicating a lack of conviction about some of her responses. The court had the advantage of observing the juror's demeanor, intonations and emotional state, which are not revealed by the transcript of the conversation with the juror. Although the dissenters characterize as "unequivocal" the statement of the juror that she could render an impartial verdict, the court, based on its observations, reached a different conclusion. Under the circumstances, we should defer to the court's assessment that the juror had "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict" (CPL

270.20 [1] [b]; *see, People v O'Kane*, 224 AD2d 182, *lv denied* 88 NY2d 939).

The court did not err in refusing to permit a defense witness to testify regarding the out-of-court statements of another person. The record establishes that the declarant was not aware at the time that the statements were made· that they were against his penal interests (*see, People v Barbieri*, 207 AD2d 554, *lv denied* 85 NY2d 905).

There is no merit to the contention of defendant that the jury verdict is inconsistent or repugnant (*see, People v Ellerbee*, 239 AD2d 430, *lv denied* 91 NY2d 833; *People v Cobb*, 137 AD2d 700, *lv denied* 71 NY2d 894) or that the court's request for an informal evaluation of defendant necessitated that the court comply with CPL article 730 (*see, People v Sims*, 217 AD2d 912, *lv denied* 87 NY2d 851). The sentence is not unduly harsh or severe.

All concur except Green, J. P., and Lawton, J., who dissent and vote to reverse in the following Memorandum.

Green, J. P., and Lawton, J. (dissenting). We respectfully dissent. We conclude that Supreme Court erred as a matter of law in excusing a juror for cause after she was accepted by both parties and sworn. The juror repeatedly and unequivocally assured the court that she would decide defendant's guilt or innocence on the facts, in an impartial manner and in accordance with the court's instructions on the law. Despite those assurances, the court subsequently excused the juror on the ground that she was of a state of mind that would likely preclude her from rendering an impartial verdict (*see*, CPL 270.15 [4]; 270.20 [1] [b]). The court's finding is not based upon any statement of the juror to that effect. Rather, the court observed that the juror subconsciously might be unable to separate the guilt and consequence phases of the verdict. The only basis for that observation was that the juror expressed her concern that she would be uncomfortable with the knowledge that, depending upon the verdict rendered by her as a juror, defendant would either go to jail or be set free and possibly commit other crimes. That is a common concern of many jurors. Nothing expressed by the juror indicated that, because of her concern with the consequence phase of the verdict, she would favor the prosecution or the defense. Absent such a bias, the requirements of CPL 270.20 (1) (b) were not met. In short, the excusal had more to do with the comfort of the juror than with her ability to serve. Consequently, we would reverse the judgment and grant a new trial. (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Robbery, 1st

Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.