■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. MAILEY, Appellant. [701 NYS2d 540] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Upon granting defendant's motion for a writ of error coram nobis and vacating our prior order and decision (*People v Mailey*, 252 AD2d 995), we now consider defendant's appeal de novo.

We reject defendant's contention that Supreme Court erred in failing to hold a competency hearing. The court was not "of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]), and "the record fails to reveal the existence of any reasonable grounds to believe that defendant was incapable of understanding the charges against him or of making his defense" (*People v Claudio,* 183 AD2d 945; *see, People v Sims,* 217 AD2d 912, *lv denied* 87 NY2d 851). Town Court's request for an informal evaluation of defendant upon his arrest for slashing his girlfriend with a knife did not necessitate that either court comply with CPL article 730 (*see, People v Sims, supra; see also, People v Johnson,* 252 AD2d 967, *affd* 92 NY2d 976).

Defendant was sentenced to consecutive terms of incarceration of 1 1/3 to 4 years for felony driving while intoxicated and one year for assault in the third degree. Those sentences must be served concurrently (*see,* Penal Law § 70.35; *People v Leabo,* 196 AD2d 910, 911, *affd* 84 NY2d 952). We therefore modify the judgment accordingly. (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.