■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CONFORTI, Also Known as MARTIN COHEN, Appellant. [695 NYS2d 99] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 21, 1995, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (two counts), and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his warrantless arrest in his apartment was illegal, and therefore evidence obtained as a result of that arrest should have been suppressed. We agree with the hearing court that, based on the totality of the evidence adduced at the hearing, the defendant's warrantless arrest was based on probable cause and was justified by exigent circumstances (*see, People v Burr,* 70 NY2d 354, *cert denied* 485 US 989; *People v Cartier,* 149 AD2d 524, *cert denied* 495 US 906).

The defendant's contention that the trial court was required to comply with the procedures of CPL article 730 and order an examination by two psychiatrists to determine his competency to stand trial, is without merit. A defendant "is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon before the commencement of the trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" (*People v Armlin,* 37 NY2d 167, 171; *see also, People v Morgan,* 87 NY2d 878; *People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932). The decision to request an informal evaluation by a psychologist was within the court's discretion and did not automatically require the court to issue an order of examination or otherwise comply with CPL article 730 (*see, People v Sims,* 217 AD2d 912).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review (*see, People v Graves,* 85 NY2d 1024; CPL 470.05 [2]). Mangano, P. J., O'Brien, Sullivan and Goldstein, JJ., concur.