■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant. [716 NYS2d 540] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered after a jury trial convicting him of burglary in the third degree (Penal Law § 140.20). Contrary to defendant's contention, County Court did not abuse its discretion in failing to order a competency examination pursuant to CPL article 730 (*see, People v Morgan,* 87 NY2d 878, 879). The court here did not have the opinion that defendant was an incapacitated person (*see,* CPL 730.30 [1]). The decision of the court to order an informal psychological examination was within its discretion, however, and "did not automatically require the court to issue an order of examination or otherwise comply with CPL article 730" (*People v Conforti,* 263 AD2d 513, 514, *lv denied* 94 NY2d 878; *see, People v Mailey,* 262 AD2d 977; *People v Sims,* 217 AD2d 912, *lv denied* 87 NY2d 851).

The court properly denied defendant's request to allow the jury to use the magnifying glass that was used by the People's fingerprint expert. The jury may not use a magnifying glass for the impermissible purpose of comparing fingerprints (*see, People v Moody,* 195 AD2d 1016, 1017; *People v Fields* [appeal

No. 1], 152 AD2d 958, *lv denied* 75 NY2d 812). Defendant's contention that the prosecutor engaged in misconduct by repeatedly referring to defendant as a convicted felon during his summation is not preserved for our review (*see,* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838, 839-840), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Bristol, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.