■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND REYNOLDS, Appellant. [735 NYS2d 824] —Crew III, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered November 3, 2000, convicting defendant upon his plea of guilty of the crime of criminally negligent homicide.

In September 2000, defendant pleaded guilty to criminally negligent homicide in satisfaction of an indictment charging him with that crime, as well as driving while ability impaired, and he was thereafter sentenced to an indeterminate term of imprisonment of 1 to 3 years in accordance with a plea bargain. He now appeals and we affirm.

Initially, inasmuch as defendant did not move to withdraw his plea or vacate his judgment of conviction, he has not preserved for our review the issue that his plea was not voluntary (*see, People v Fuller*, 245 AD2d 987, *lv denied* 91 NY2d 941). Nevertheless, were we to consider such claim, we would find it to be without merit. A review of the minutes of the plea proceeding reveals that defendant answered all questions put to him by County Court, acknowledged that he had consulted with his attorney and was satisfied with counsel, stated that he was not under the influence of alcohol or drugs, acknowledged that he had not been threatened into pleading, stated that he understood that he had the right to a trial, acknowledged the facts underlying his commission of the crime and stated that he was entering a guilty plea freely and voluntarily. As such, defendant's plea was made knowingly, voluntarily and intelligently (*see, People v Dover*, 227 AD2d 804, 805, *lv denied* 88 NY2d 984).

We also reject defendant's contention that County Court erred in failing to order a competency hearing. We note initially that defendant is presumed to be competent and, absent reasonable grounds to believe that defendant was incapable of assisting in his defense or of understanding the proceedings

against him, he was not entitled to a competency hearing (*see, People v Planty*, 238 AD2d 806, 807, *lv denied* 89 NY2d 1098). Certainly, defense counsel's plea for leniency at sentencing based upon his statement that defendant is borderline mentally retarded and has limited cognitive abilities did not present such reasonable grounds, particularly in light of defendant's responses to questioning at the plea allocution (*see, People v Charnock*, 239 AD2d 933).

For the same reasons previously expressed, we find nothing in the record to substantiate appellate counsel's assertion that trial counsel was ineffective in failing to request a competency hearing. Finally, we also reject defendant's contention that the sentence imposed was harsh and excessive.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.