■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE J. RICHARDSON, Appellant. [744 NYS2d 238] —Lahtinen,

J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered September 18, 2000, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant entered a counseled plea of guilty to robbery in the second degree as charged in the second count of a two-count indictment. Sentenced to a determinate prison term of 3½ years in accordance with the plea bargain, defendant now appeals, claiming that County Court erred in accepting his plea.

According to defendant, County Court should have inquired further into the voluntariness of his plea as he expressed dissatisfaction with defense counsel's performance and stated that he was pleading guilty because "I know I don't stand a chance of beating [the charges]." This argument, however, is not preserved for our review as defendant failed to move either to withdraw the plea or to vacate the judgment of conviction (*see, People v Reynolds*, 290 AD2d 591; *People v McFadgen*, 274 AD2d 830, 832, *lv denied* 95 NY2d 966). Defendant's failure to move also precludes us from reviewing his contention that the plea allocution is insufficient because it fails to demonstrate the factual basis for the "forcibly" element of robbery in the second degree (*see, People v Lopez*, 71 NY2d 662, 665; *People v Kemp*, 288 AD2d 635; *People v Ward*, 282 AD2d 871, 872).

In any event, contrary to defendant's assertion, when he stated that he had reservations about counsel's performance and pleading guilty, County Court questioned him and ceased the plea allocution, which afforded him a further opportunity to confer with counsel. When the hearing continued, defendant unequivocally stated that all of his questions had been answered and he was voluntarily entering a plea of guilty. He then admitted to willingly participating in the robbery, as he helped plan the crime, knew that a codefendant possessed a weapon and took money from the victim. Under the circumstances presented, we find that defendant's plea was made knowingly, voluntarily and intelligently (*see, People v Reynolds, supra; People v Kemp, supra; People v Ward, supra*).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.