■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE KRON, Appellant. [779 NYS2d 263]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 6, 2003, convicting defendant upon his plea of guilty of the crime of attempted coercion in the first degree.

In full satisfaction of a three-count indictment, defendant pleaded guilty to the crime of attempted coercion in the first degree and was thereafter sentenced to the agreed-upon prison sentence of 1½ to 3 years. Defendant argues on appeal that his plea was involuntarily made due to his mental deficiencies, as well as the ineffective assistance of counsel, and that County Court erred in failing to, sua sponte, order a competency hearing.

Initially, we note that defendant's challenges to the voluntariness of his plea are not preserved for our review based on his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Clifford*, 295 AD2d 697, 698 [2002], *lv denied* 98 NY2d 709 [2002]; *People v Reynolds*, 290 AD2d 591, 591 [2002]). In any event, the record reveals that, during the plea proceedings, defendant cogently answered all questions posed to him by County Court, expressed satisfaction with his counsel, acknowledged an understanding of the rights that he was relinquishing and unequivocally stated that he was entering a guilty plea freely and voluntarily. In addition, defendant admitted to forcing the victim at knife point to drink a substance infused with pills (*see* Penal Law §§ 110.00, 135.65). Under these circumstances, we find that defendant's plea was knowingly, voluntarily and intelligently made.

As to County Court's failure to order a competency hearing, we note that the record reveals that defendant has some history of mental illness. However, " '[a] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incap-

able of assisting in his or her own defense or of understanding the proceedings against him [or her]' " *(People v Medina,* 249 AD2d 694, 694 [1998], quoting *People v Planty,* 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]). Inasmuch as defendant's remarks at the plea proceeding were lucid and not indicative of a lack of understanding, we find that the court did not err in failing to order a competency hearing or examination *(see People v Daley,* 302 AD2d 745, 746 [2003]; *People v Reynolds, supra* at 591-592).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.