THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GARRETT, Appellant. [807 NYS2d 758]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered September 7, 2000. The judgment convicted defendant, upon a jury verdict, of attempted escape in the first degree, promoting prison contraband in the first degree (two counts) and promoting prison contraband in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the definite sentence shall run concurrently with the indeterminate sentences imposed on the remaining counts of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of attempted escape in the first degree (Penal Law §§ 110.00, 205.15 [1]), promoting prison contraband in the second degree (§ 205.20 [2]) and two counts of promoting prison contraband in the first degree (§ 205.25 [2]), defendant contends that he was denied his fundamental right to counsel. We reject that contention. Even assuming, arguendo, that County Court should have inquired into defendant's complaints with respect to assigned counsel, we conclude that "[t]here was no showing by defendant of 'the existence, or probable existence, of a conflict of interest [that bore] a substantial relation to the conduct of the defense' " (People v Botting, 8 AD3d 1064, 1066 [2004], lv denied 3 NY3d 671 [2004], quoting People v Harris, 99 NY2d 202, 211). Furthermore, defendant was granted numer-

ous adjournments to retain private counsel, and "[i]t is well settled that a defendant's right to be represented by counsel of his own choosing is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (*People v Sayavong*, 248 AD2d 1023, 1024 [1998], *lv denied* 92 NY2d 905 [1998] [internal quotation marks omitted]; *see People v Arroyave*, 49 NY2d 264, 271 [1980]).

We likewise reject defendant's contention that the court erred in failing to conduct a sufficient inquiry into defendant's decision to proceed pro se. Reviewing the record as a whole and "not simply [with respect] to the questions asked and answers given during a waiver colloquy" (*People v Providence*, 2 NY3d 579, 581 [2004]), we conclude that nothing in the record calls into question defendant's ability to understand the court's warnings regarding self-representation. Indeed, we conclude that "defendant's performance . . . shows that he clearly understood the ramifications of waiving counsel" (*id.* at 584). Thus, defendant exercised his choice "with eyes open" (*People v Smith*, 92 NY2d 516, 520 [1998] [internal quotation marks omitted]).

We reject defendant's further contention that the court violated Penal Law § 70.25 (2) in ordering the sentences to run consecutively to each other. "[T]he offenses [of attempted escape and promoting prison contraband] were not committed through a single act or omission, and one offense does not constitute a material element of the other" (*People v Silvagnio*, 79 AD2d 1112, 1112 [1981]; *see generally People v Laureano*, 87 NY2d 640, 643 [1996]). We agree with defendant, however, that the court erred in ordering the definite sentence imposed on the lesser included offense of promoting prison contraband in the second degree to run consecutively to the indeterminate sentences imposed on the remaining counts of the indictment (*see* Penal Law § 70.35; *see also People v Shorter*, 6 AD3d 1204, 1205-1206 [2004], *lv denied* 3 NY3d 648 [2004]; *People v Mailey*, 262 AD2d 977 [1999]), and we therefore modify the judgment accordingly.

Finally, we conclude that the sentence, as modified, is not unduly harsh or severe. Present—Kehoe, J.P., Martoche, Pine, Lawton and Hayes, JJ.