THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULNER LEE STILL, Appellant. [810 NYS2d 271]—

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), rendered December 20, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (six counts), assault in the third degree (six counts), and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the definite sentences imposed on counts 3 and 8 through 14 of the indictment shall run concurrently with each other and with the determinate sentences imposed on the remaining counts of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him of six counts each of assault in the second degree (Penal Law § 120.05 [1], [2]) and assault in the third degree (§ 120.00 [1]) and two counts of endangering the welfare of a child (§ 260.10 [1]). Supreme Court did not err in denying defendant's motion for a mistrial during voir dire. Given the court's *Molineux* ruling, defendant was not prejudiced by the court's error in referring to the uncharged misdemeanors during voir dire. Contrary to the contention of defendant in his main brief and pro se supplemental brief, the evidence is legally sufficient to support the conviction of those counts charging him with assault in the second degree under Penal Law § 120.05 (1) and (2) (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We note in particular that the evidence is legally sufficient to establish that the two-inch-wide belt and two-inch-thick hardcover book with which defendant repeatedly struck the victim, as well as the sneakers with which he repeatedly kicked the victim, all constituted dangerous instruments under the circumstances in which they were used (*see* Penal Law § 10.00 [13]; *People v Lappard*, 215 AD2d 245 [1995], *lv denied* 86 NY2d 737 [1995]; *People v Rozanski*, 209 AD2d 1018 [1994], *lv denied* 84 NY2d 1038 [1995]).

Contrary to defendant's contention, the sentence is not unduly harsh or severe. We conclude, however, that the sentence is illegal insofar as the court directed that the definite sentences imposed on defendant's misdemeanor convictions of assault in the third degree and endangering the welfare of a child shall run consecutively to each other and to the determinate sentences imposed on defendant's felony convictions of assault in the second degree. We modify the judgment accordingly (*see People v Mailey*, 262 AD2d 977 [1999]; *People v Wiegert*, 248 AD2d 929, 930 [1998], *lv denied* 91 NY2d 1014 [1998]; *see also People v Garrett*, 23 AD3d 1120 [2005]; *see generally* Penal Law § 70.25 [1] [b]; § 70.35).

Contrary to the contentions of defendant in his pro se supplemental brief, the court did not fail to swear the prospective jurors at the outset of voir dire, nor did it err in its preliminary instructions during voir dire. The record does not support the further contention of defendant in his pro se supplemental brief that he was deprived of his right to be present during the rereading of certain testimony (*see People v Andrew*, 1 NY3d 546, 547 [2003]; *People v Foster*, 1 NY3d 44, 48; *People v Afrika*, 13 AD3d 1218, 1222-1223 [2004], *lv denied* 4 NY3d 827 [2005]).

We have considered the remaining contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.