■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN CHARLES SEBAST, Appellant. [819 NYS2d 625]—

Rose, J. Appeal from a judgment of the County Court of Washington County (Hall, J.), rendered August 31, 2004, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant was charged in a six-count indictment with, among other things, repeatedly raping a five-year-old girl. He thereafter pleaded guilty to a single count of rape in the first degree and was sentenced in accordance with the negotiated plea agreement to 20 years in prison followed by five years of postrelease supervision. Defendant now appeals.

Initially, to the extent that defendant challenges the voluntariness of his plea, his failure to move to withdraw the plea or vacate the judgment of conviction renders the matter unpreserved for appellate review (*see People v Turner*, 27 AD3d 962, 962 [2006]; *People v Mabry*, 27 AD3d 835, 836 [2006]). As for defendant's claim that County Court erred in failing to order a competency hearing prior to accepting his guilty plea, we note that defendant was "presumed to be competent and, absent reasonable grounds to believe that [he] was incapable of assisting in his defense or of understanding the proceedings against him,

he was not entitled to a competency hearing" (*People v Reynolds*, 290 AD2d 591, 591-592 [2002]; *see People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]). A review of the record reveals no such reasonable grounds, particularly in view of the fact that defendant acknowledged during the plea hearing that he understood his rights, stated that he was not under the influence of any drugs, alcohol or medication which made him confused or unable to comprehend the proceedings, expressed his desire to plead guilty and unequivocally admitted the facts underlying the crime (*see People v Planty, supra* at 807). Finally, defendant's assertion that his counsel was ineffective in failing to request a competency hearing and/or pursue a diminished capacity defense is also unpreserved for our review (*see People v Gambaccini*, 2 AD3d 1065, 1066 [2003], *lv denied* 2 NY3d 739 [2004]) and, in any event, is lacking in merit for the reasons expressed above.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.