■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS HOOD, Appellant. [827 NYS2d 724]—

Carpinello, J. Appeal from an order of the County Court of Schenectady County (Giardino, J.), entered January 21, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 1988, upon his guilty pleas, of the crimes of sexual abuse in the first degree and rape in the third degree. He was sentenced to consecutive terms of six months of incarceration and five years of probation on the sexual abuse conviction and one year of incarceration on the rape conviction. Defendant's probation was subsequently revoked and he was resentenced to consecutive terms of 2 to 6 years in prison for the sexual abuse conviction and 1 to 3 years in prison for the rape conviction. Defendant was thereafter released to parole supervision in 1995 but was returned to incarceration in 1996 for failure to comply with the conditions of his parole. In anticipation of his release from prison, the Board of Examiners of Sex Offenders classified defendant as a risk level III sex offender under the Sex Offender Registration Act (*see* Correction Law art 6-C). County Court adopted the Board's recommendation. Defendant was subsequently afforded a rehearing pursuant to the stipulation in *Doe v Pataki* (3 F Supp 2d 456 [1998]), after which he was again classified as a risk level III sex offender. Defendant appeals.

Defendant contends that he was denied a fair hearing, arguing that County Court erred in failing to exclude consideration of his prior convictions and in failing to adequately inquire as to his competence to participate in the hearing. Even assuming that defendant's arguments based upon competency to stand trial are applicable in a risk level determination hearing, we would find no basis to hold that County Court erred in failing to conduct such a hearing. Nothing in the record sets forth any

reasonable grounds to believe that defendant was "incapable of assisting in his defense or of understanding the proceedings against him" (*People v Reynolds*, 290 AD2d 591, 591-592 [2002]; *see People v Sebast*, 32 AD3d 615 [2006]). Defendant indicated that he was not on any medication and understood the purpose of the hearing, and his statements and responses at the hearing were appropriate (*see People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]). Further, given his behavior, we are not persuaded that defendant's asserted borderline mental capacity necessitated such a hearing (*see People v Reynolds, supra* at 592). We also find no error in County Court's determination that defendant's prior convictions could not be relitigated in the context of the hearing (*see* Correction Law § 168-n [3]). In any event, the record indicates that County Court made an independent determination of defendant's risk level, and defendant's case summary and presentence investigation reports provide clear and convincing evidence to support the risk level classification (*see People v Barnett*, 32 AD3d 1132 [2006]; *People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]).

Finally, defendant argues that he was denied the effective assistance of counsel. The record reveals that defense counsel made appropriate objections and arguments on behalf of his client (*see People v Kyzer*, 21 AD3d 1212, 1214 [2005]), and we find nothing in the record to support defendant's contention (*see People v Douglas*, 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]; *People v Reynolds, supra* at 592).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.