# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

693

KA 12-00892

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HANI ABUHAMRA, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered July 13, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), unlawful imprisonment in the second degree and criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the definite sentence imposed on count four of the indictment shall run concurrently with the determinate sentences imposed on the remaining counts of the indictment and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [1], [2]) and one count of criminal contempt in the first degree (§ 215.51 [b] [iv]). In appeal No. 2, defendant appeals from an order denying his motion seeking to vacate the judgment of conviction pursuant to CPL 440.10 on the ground that he was denied effective assistance of counsel. As a preliminary matter, we conclude that County Court properly denied defendant's CPL 440.10 motion without a hearing inasmuch as "trial counsel, the only person who could have provided any material information not already before the motion court, was deceased" (*People v Cotto*, 259 AD2d 288, 289, *lv denied* 93 NY2d 1002). We also note that defendant failed to support the motion with his own sworn allegations (*see* CPL 440.30 [1] [a]), but instead submitted an unsworn "affirmation." Nevertheless, because the court did not make a finding adverse to defendant on that ground, we decline to use it as a basis for affirming the order in appeal No. 2 (*see People v Santana*, 101 AD3d 1664, 1664, *lv denied* 20 NY3d 1103; *see generally People v Concepcion*, 17 NY3d 192, 194-196).

     We reject the contention of defendant, raised in each appeal, that he was denied effective assistance of trial counsel.  We agree with the court's determination on the CPL 440.10 motion that defendant's allegation that he withdrew his plea solely on the ground that his attorney advised him that he would never be convicted at trial or, if convicted, that he would not receive a state prison sentence, is contradicted by the record (see CPL 440.30 [4] [d] [i]). We also agree with the court's determination that there is no reasonable possibility that the allegation is true (see CPL 440.30 [4] [d] [ii]).  With respect to each of the remaining alleged instances of ineffective assistance, we conclude that defendant failed to establish the lack of a strategic basis for any of the alleged deficiencies (see generally People v Rivera, 71 NY2d 705, 709).  We therefore conclude that the record establishes that defendant received meaningful representation from trial counsel (see generally People v Baldi, 54 NY2d 137, 147).

     Defendant failed to preserve for our review his contention in appeal No. 1 that the People did not promptly disclose certain documents, which he contends constitute Brady material (see generally CPL 470.05 [2]).  In any event, defendant's contention is without merit inasmuch as the information was turned over as Rosario material prior to jury selection and thus defendant had ample time to use the information (see People v Gonzalez, 89 AD3d 1443, 1444, lv denied 19 NY3d 973, reconsideration denied 20 NY3d 932).

     We reject defendant's contention in appeal No. 1 that the sentence is unduly harsh and severe.  We nevertheless conclude that the sentence is illegal insofar as the court directed that the definite sentence imposed on count four of the indictment shall run consecutively to the determinate sentences imposed on counts one and two (see Penal Law § 70.35; People v Still, 26 AD3d 816, 817, lv denied 6 NY3d 853).  Inasmuch as we cannot permit an illegal sentence to stand (see People v Stubbs, 96 AD3d 1448, 1450, lv denied 19 NY3d 1001), we modify the judgment in appeal No. 1 accordingly (see Still, 26 AD3d at 817).  Finally, we note that the certificate of conviction erroneously states that defendant is obligated to pay restitution in the amount of $1,268.81, rather than $1,261.87, and therefore it must be amended to correct the clerical error (see generally People v Saxton, 32 AD3d 1286, 1286-1287).

Entered:  June 28, 2013                          Frances E. Cafarell
                                                 Clerk of the Court