# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

810

KA 12-01867

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JUAN CASTRO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 14, 2011. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree, attempted murder in the second degree and assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), defendant contends that Supreme Court erred in failing to follow the requirements of CPL article 730 to determine whether he was competent to stand trial at the time his case was presented to the grand jury (*see* CPL 730.30 [1]). We reject that contention. The record establishes that the court granted defense counsel's request for a "forensic examination" of defendant by ordering only an informal psychological examination and not by issuing an order of examination pursuant to CPL article 730. We conclude that "[t]he decision of the court to order an informal psychological examination was within its discretion . . . and 'did not automatically require the court to issue an order of examination or otherwise comply with CPL article 730' " (*People v Brown*, 277 AD2d 972, 972, *lv denied* 96 NY2d 732; *see People v Johnson*, 252 AD2d 967, 968, *affd* 92 NY2d 976; *People v Ortiz*, 46 AD3d 1409, 1409, *lv denied* 10 NY3d 769). We further conclude that the sentence is not unduly harsh or severe.

Entered: July 3, 2014                        Frances E. Cafarell
                                             Clerk of the Court