# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1329**
**KA 13-00719**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

KAREEM HOWARD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 13, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal sale of a firearm in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal sale of a firearm in the second degree (§ 265.12 [2]). We agree with defendant that the waiver of the right to appeal does not encompass his challenge to the severity of the sentence. During the plea colloquy, Supreme Court advised him that he was waiving his right to appeal from the conviction only and failed to make any reference to the effect that the waiver would have on any challenge to the severity of his sentence (see *People v Maracle*, 19 NY3d 925, 928; *People v Peterson*, 111 AD3d 1412, 1412). Nevertheless, we conclude that the sentence is not unduly harsh or severe.

As the People correctly concede, the presentence report has not been redacted as the court ordered at sentencing, and therefore it must be redacted to correct the oversight (see *generally People v Abuhamra*, 107 AD3d 1630, 1631-1632, *lv denied* 22 NY3d 1038).

Entered:  January 2, 2015                         Frances E. Cafarell
                                                  Clerk of the Court