# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1250

KA 14-00339

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RICKEY F. DILLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered January 21, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), defendant contends that his waiver of the right to appeal is unenforceable and that his sentence is unduly harsh and severe. Although we agree with defendant that the waiver of the right to appeal does not encompass his challenge to the severity of his sentence "inasmuch as there is no indication in the record of the plea allocution that defendant was waiving his right to appeal the severity of the sentence[]" (*People v Doblinger*, 117 AD3d 1484, 1485; *see People v Maracle*, 19 NY3d 925, 928), we nevertheless perceive no basis in the record to disturb the sentence. We note that defendant has two prior felony convictions and showed no remorse for his conduct in this case.

We reject defendant's further contention that Supreme Court misstated the facts at sentencing by stating that "this was a very violent event" and that defendant presented "serious safety concerns" for the victim and the community at large. According to the presentence report, which the court reviewed prior to sentencing, the victim stated that defendant yanked her by the hair and caused her head to strike the wall. In her victim impact statement, the victim stated that her "head was split open from [her] left temple to the middle of the top of [her] skull," and that she needed 35 staples and 27 stitches to close the wound. Although defendant told the police

that the victim lost her balance when she "came swinging" at him and then struck her head on the wall, the court was not obligated to accept defendant's exculpatory version of the incident.

Finally, defendant contends that the court, in setting the expiration date of the orders of protection, failed to give him credit for the time he had served in jail on the charge herein. That contention is unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, it is without merit inasmuch as CPL 530.12 (5) (A) (i) authorized the court to fix the duration of the orders of protection at eight years from the date of sentencing.