*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    May 19, 2016                    518815
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                    MEMORANDUM AND ORDER

YGORD BELIARD,
                         Appellant.
_____

Calendar Date:    April 26, 2016

Before:    Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

_____

        Eric K. Schillinger, East Greenbush, for appellant.

        Joel E. Abelove, District Attorney, Troy (Vincent J.
O'Neill of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the County Court of Rensselaer
County (Ceresia, J.), entered February 20, 2014, which classified
defendant as a risk level II sex offender pursuant to the Sex
Offender Registration Act.

        Following a jury trial, defendant was convicted of rape in
the second degree, attempted sodomy in the second degree and
endangering the welfare of a child.  In anticipation of his
release from prison, the Board of Examiners of Sex Offenders
prepared a risk assessment instrument presumptively classifying
defendant as a risk level II sex offender (105 points) and
recommended against a departure.  Following hearings, County
Court adopted the Board's risk level scoring and classified him
as a risk level II sex offender.  Defendant now appeals.

Defendant's sole contention on appeal is that County Court should have ordered a hearing as to defendant's competence to participate in the risk assessment hearing pursuant to CPL 730.30. Assuming without deciding that a court's duty to order a competency hearing is applicable to risk level determinations pursuant to the Sex Offender Registration Act (but see CPL 730.30 [1]), we find no abuse of discretion in County Court's failure to order such a hearing here. No hearing was requested and, although defendant was uncooperative, argumentative and evasive in his responses to County Court's questions during the hearings, he denied ever being treated for any mental illness or condition and his behavior did not raise a reasonable belief that he was unable to understand the proceedings or assist in the determination of his risk assessment level as to require a competency hearing (see People v Yu-Jen Chang, 92 AD3d 1132, 1134-1135 [2012]; People v Hood, 35 AD3d 1138, 1138 [2006], lv denied 8 NY3d 808 [2007]; see also United States v Neal, 776 F3d 645, 658-659 [9th Cir 2015]).

Peters, P.J., Lahtinen, Egan Jr. and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court