# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**272**
**KA 15-00935**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

WILFREDO MORALES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered January 22, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), defendant contends that Supreme Court erred in failing to follow the requirements of CPL article 730 to determine whether he was competent to stand trial (*see* CPL 730.30 [1]), and thus reversal is required. We reject that contention. "The record indicates that the court granted defense counsel's request for a 'forensic [evaluation]' of defendant by ordering only an informal psychological examination and not by issuing an order of examination pursuant to CPL article 730" (*People v Castro*, 119 AD3d 1377, 1378, *lv denied* 24 NY3d 1082; *see People v Johnson*, 252 AD2d 967, 968, *affd* 92 NY2d 976). "[T]he decision of the court to order an informal psychological examination was within its discretion . . . and did not automatically require the court to issue an order of examination or otherwise comply with CPL article 730" (*Castro*, 119 AD3d at 1378 [internal quotation marks omitted]; *see Johnson*, 252 AD2d at 968).

Defendant further contends that his sentence is unduly harsh and severe and that his waiver of the right to appeal does not preclude his challenge to the severity of his sentence. Contrary to defendant's contention, we conclude that "the record demonstrates that [the waiver] was made knowingly, intelligently and voluntarily" (*People v Lopez*, 6 NY3d 248, 256), and that "defendant ha[d] 'a full appreciation of the consequences' of such waiver" (*People v Bradshaw*,

18 NY3d 257, 264).  We further conclude that the waiver encompasses defendant's challenge to the severity of the sentence.  First, the waiver occurred following the court's discussion of the maximum sentence defendant faced (*see People v Hidalgo*, 91 NY2d 733, 737).  Second, although the court, during its oral colloquy, asked defendant if he understood that he was waiving his "right to appeal the conviction" (*see People v Maracle*, 19 NY3d 925, 928) and his right to challenge "any errors or mistakes" without mentioning any challenge to the severity of the sentence (*see People v Dilley*, 133 AD3d 1380, 1381), defendant executed and acknowledged on the record a written waiver of the right to appeal, which specifically referenced the fact that he was waiving his right to appeal the "sentence" except for any challenge to the legality of the sentence.  Based on the combination of a lengthy oral colloquy, a written waiver wherein defendant "expressly waived [his] right to appeal without limitation," and an acknowledgment of that written waiver during the oral colloquy, we conclude that the valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (*Hidalgo*, 91 NY2d at 737; *cf*. *People v Doblinger*, 117 AD3d 1484, 1485).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court