People v Quinones (2018 NY Slip Op 01002)





People v Quinones


2018 NY Slip Op 01002


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


196 KA 15-00657

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILBERT QUINONES, ALSO KNOWN AS WILBERT QUINONES MEDINA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 20, 2014. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant contends that his oral and written waivers of the right to appeal do not bar his challenge to the severity of his sentence. We conclude that the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Morales, 148 AD3d 1638, 1639 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]; see generally People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver encompasses his challenge to the severity of the sentence (see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court