People v Love

2026 NY Slip Op 02554

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

WARREN LOVE, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

238 KA 23-01812

Present: Whalen, P.J., Bannister, Smith, Nowak, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered September 19, 2023. The judgment convicted defendant upon his plea of guilty of grand larceny in the third degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]). We affirm.

We reject defendant's contention that County Court erred in denying his request to proceed pro se. "It is well settled that a criminal defendant's constitutional right to counsel concomitantly includes the right to refuse appointed counsel" (People v Davis, 240 AD3d 1162, 1163 [4th Dept 2025], lv denied 44 NY3d 1051 [2025] [internal quotation marks omitted]; see People v McIntyre, 36 NY2d 10, 15 [1974]; see generally US Const Amend VI; NY Const, art I, § 6). "In other words, there is a constitutional right 'to self-representation . . . and [a] corresponding—and sometimes competing—requirement that the state provide [a] defendant competent counsel to conduct [their] defense' " (Davis, 240 AD3d at 1163, quoting People v Stone, 22 NY3d 520, 525 [2014]). "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (McIntyre, 36 NY2d at 17).

Here, defendant informed the court that he had been having communication issues with defense counsel, particularly with respect to certain motions that he wished to file, and stated that, "if we can't communicate I would rather represent myself." Although defendant briefly inquired whether he could proceed pro se specifically to file the motions, he immediately explained that he wanted "a competent lawyer" who would "communicate with [him]" in regard to those motions. The court responded that it would not relieve defense counsel at that time; rather, it would consider the issues raised in the motions filed by defense counsel and, thereafter, if defendant felt that "there [was] something . . . to be argued beyond that," the court would consider a new request to proceed pro se. No new request was made.

Under these facts, we conclude that defendant did not unequivocally request to proceed pro se inasmuch as he "ask[ed] to proceed pro se [only] as an alternative to receiving new counsel," thereby seeking to "leverage his right of self-representation in an attempt to compel the court to appoint another lawyer" (People v Lewis, 44 NY3d 350, 359 [2025]; see Davis, 240 AD3d at 1164). "A request to proceed pro se is equivocal where, as here, it does not reflect an affirmative desire for self-representation and instead shows that self-representation was reserved [*2]as a final, conditional resort" (Davis, 240 AD3d at 1164 [internal quotation marks omitted]; see People v Dixon, 42 NY3d 609, 618 [2024], cert denied — US —, 145 S Ct 1460 [2025]). Defendant's request consisted of "equivocal and hesitant statements about proceeding pro se" (Lewis, 44 NY3d at 360) and thus, the court's duty to "make a searching inquiry . . . to determine whether that request was knowing, voluntary, and intelligent" was not triggered (id. at 352; see generally McIntyre, 36 NY2d at 17).

Defendant's contention that his plea is invalid because the court failed to inquire about the voluntariness of his plea after he expressed dissatisfaction with defense counsel is not preserved for our review inasmuch as defendant failed to move either to withdraw the plea or to vacate the judgment of conviction (see People v Green, 70 AD3d 1392, 1392 [4th Dept 2010]; People v Richardson, 295 AD2d 763, 764 [3d Dept 2002], lv denied 98 NY2d 771 [2002]), and this case does not fall within the narrow exception to the preservation requirement (see generally People v Lopez, 71 NY2d 662, 666-667 [1988]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court