■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SANTANA, Appellant. [728 NYS2d 228] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered February 4, 2000, convicting defendant upon

his plea of guilty of the crime of criminal possession of stolen property in the third degree.

Defendant pleaded guilty to criminal possession of stolen property in the third degree and was thereafter sentenced as a second felony offender to a prison term of 3½ to 7 years. Defendant appeals contending that his guilty plea was not voluntary because he was under a psychiatrist's care and taking tranquilizers and, at a minimum, an examination pursuant to CPL article 730 should have been conducted. He further contends that under these circumstances, he was also denied the effective assistance of counsel. Alternatively, defendant contends that the sentence imposed was harsh and excessive.

We affirm. Initially, defendant's failure to move either to withdraw his plea or vacate the judgment of conviction precludes our review of his challenge to the voluntariness of his plea or the effectiveness of the assistance provided by counsel (*see, People v Coppaway*, 281 AD2d 754; *People v Beekman*, 280 AD2d 784, *lv denied* 96 NY2d 780; *People v Millis*, 266 AD2d 581, *lv denied* 94 NY2d 826). Were we to consider the merits, we would find that defendant entered into a knowing, voluntary and intelligent guilty plea and was not denied the effective assistance of counsel (*see, People v Doty*, 267 AD2d 616, 617). Although defendant stated during the plea allocution that he saw a psychiatrist once every two weeks for sleeping problems and that he was taking prescription sleeping pills, County Court adequately inquired to determine that the medication did not impair defendant's ability to understand the proceedings (*see, id.*).

Finally, we do not find the sentence imposed—which is the maximum sentence authorized—to be harsh and excessive. County Court clearly and repeatedly indicated prior to accepting defendant's plea that it would not be bound to the joint recommendation of 2 to 4 years' imprisonment—the minimum permitted sentence (*see*, Penal Law § 70.06 [2], [3]; *People v Hadsell*, 249 AD2d 682, 684, *lv denied* 92 NY2d 852). Thus, we find no extraordinary circumstances warranting a reduction in the sentence imposed (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.