■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT R. MARTIN, Appellant. [793 NYS2d 241]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 10, 2001, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the first degree.

In satisfaction of a seven-count indictment, defendant pleaded guilty under the second count to attempted sodomy in the first degree, a class C violent felony. The plea colloquy reflects County Court's recitation that a 3½ to 15-year prison term is within the range for a class C violent felony (see Penal Law § 70.02 [2] [a]; [3] [b]), and that the plea agreement provided for a 12-year prison sentence. After noting that defendant had a prior violent felony from another state, the court stated that the agreed-upon sentence would "not [be as] a second felony offender," and the District Attorney confirmed these terms. After a detailed colloquy, the court accepted defendant's plea. However, the District Attorney thereafter filed a predicate felony statement (see CPL 400.21 [2]). At sentencing, defendant admitted the prior out of state felony conviction and the court imposed a prison term of 12 years, with a five-year period of postrelease supervision, stating that the sentence was "as a second felony offender." No one at the proceeding took note that the sentencing status imposed had deviated from the plea agreement. Defendant now appeals, contending that he is entitled to either be sentenced in accordance with the original plea bargain or an opportunity to withdraw his plea.

Initially, the only conclusion to be drawn from a review of the plea colloquy is that County Court made a commitment to the negotiated sentence at the time the plea was entered (cf. People v McCann, 303 AD2d 780, 781 [2003], lv denied 100 NY2d 584 [2003]; People v Gero, 286 AD2d 789 [2001], lv denied 97 NY2d 641 [2001]; People v Santana, 284 AD2d 730, 731 [2001], lv denied 96 NY2d 924 [2001]). Although the court recited the permissible sentencing range, it also recounted that the plea agreement provided for a prison term of 12 years. The court

never stated that it would not consider itself bound to that agreement or that it was not making any sentencing promises, nor did it ever advise defendant that it could impose a greater sentence or sentence him as a second felony offender.

It is, of course, settled law that a sentencing court retains the right, in the exercise of its discretion, to determine that an agreed-upon sentence is inappropriate and should be increased (or decreased) (*see People v Farrar*, 52 NY2d 302, 306, 308 n [1981]). It follows that when a defendant's guilty plea has been induced by a sentencing promise which the court later determines is inappropriate, that court must afford the defendant the opportunity to withdraw the plea or honor the plea-inducing promise (*see People v McConnell*, 49 NY2d 340, 346 [1980]; *People v Selikoff*, 35 NY2d 227, 241 [1974]).* Here, however, County Court never intimated on the record that the agreed-upon sentence—including foregoing second felony offender treatment—was inappropriate, and never articulated any reason that it might be unwilling to honor the promise that defendant would not be sentenced as a second felony offender. Rather, it appears that the change in defendant's status at sentencing resulted from an oversight by all concerned. This is supported by the plea colloquy, in which the court only recited the sentencing range for a violent class C felony (*see* Penal Law § 70.02) and never mentioned the greater range for a second violent felony offender (*see* Penal Law § 70.04) or second felony offender (*see* Penal Law § 70.06).

We recognize that defendant did not preserve the issue for appellate review by objecting at sentencing or moving to withdraw his plea or to vacate the judgment (*see People v Haynes*, 14 AD3d 789, 790-791 [2005]). However, in view of the potential future persistent felony offender sentencing consequences of this second felony offender status (*see* Penal Law §§ 70.08, 70.10; CPL 400.21 [8]), we find it appropriate to exercise our discretion, in the interest of justice, to modify the 12-year sentence by deleting that it was imposed on defendant as a second felony offender (*see* CPL 470.15 [3] [c]; [4] [c]). Since County Court did not deem the agreed-upon sentence to be inappropriate, it is not required to permit defendant to withdraw his plea, and this modification gives effect to the promise which had originally induced defendant's plea (*see People v McConnell, supra* at 346).

---

* To be distinguished are cases wherein a defendant violates plea conditions or engages in postplea conduct after being apprised of the consequences of doing so, and the trial court imposes an enhanced sentence (*see People v Figgins*, 87 NY2d 840 [1995]; *People v Outley*, 80 NY2d 702, 713 [1993]; *People v Black*, 14 AD3d 734, 735-736 [2005]; *People v Caines*, 268 AD2d 790 [2000], *lv denied* 95 NY2d 833 [2000]).

Finally, we do not find that trial counsel's representation, which resulted in a very favorable plea bargain, was less than meaningful based solely upon counsel's failure to raise this sentencing oversight (*see People v Benevento*, 91 NY2d 708, 713 [1998]). Defendant's remaining claims, raised in his pro se brief, are also unavailing.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting so much thereof as sentenced defendant as a second felony offender, and, as so modified, affirmed.

