■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY GIBSON, Also Known as LARRY GIPSON, Appellant. [816 NYS2d 762]—Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 22, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Pursuant to a negotiated plea agreement which included the

waiver of the right to appeal, defendant pleaded guilty to the reduced charge of criminal sale of a controlled substance in the fifth degree. While County Court informed defendant of the permissible range of sentencing which could be imposed, it instructed defendant that it was making no sentencing commitment. Defendant's subsequent motion to withdraw his plea was denied and he was sentenced as a second felony offender in accordance with the plea agreement to a prison term of 3¼ to 6½ years. Defendant's sole contention on appeal is that the sentence imposed was harsh and excessive. Inasmuch as the record establishes that defendant entered a knowing, voluntary and intelligent plea of guilty and valid waiver of the right to appeal, and was apprised of the maximum permissible sentence, he is precluded from challenging the severity of the sentence imposed (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Foster*, 23 AD3d 839 [2005], *lv denied* 6 NY3d 812 [2006]; *People v Clow*, 10 AD3d 803, 804 [2004]).

Cardona, P.J., Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.