■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G. BUNCE, Appellant. [845 NYS2d 168]—

Spain, J. Appeals (1) from a judgment of the County Court of

Columbia County (Czajka, J.), rendered May 18, 2005, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree, sodomy in the first degree, sodomy in the second degree and attempted sodomy in the first degree, (2) by permission, from an order of said court, entered June 29, 2006, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing, and (3) by permission, from an order of said court, entered April 3, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In January 2005, defendant was charged in a four-count indictment with the crimes of sodomy in the second degree and sexual abuse in the first degree related to his August 2001 sexual contact with a boy under age 15. He was also charged with sodomy in the first degree and attempted sodomy in the first degree stemming from his 1996 sexual abuse of a boy who was under age 11. He entered a guilty plea to all counts in exchange for the People's promise to recommend six years of incarceration, with three years of postrelease supervision. Just prior to the plea colloquy, defendant signed and initialed each numbered paragraph of an eight-page written plea agreement setting forth the foregoing terms. This lengthy document explained defendant's trial-related and appellate rights, all of which defendant expressly waived, and he specifically initialed the highlighted warning which followed the People's promised sentence recommendation: "HOWEVER, I UNDERSTAND THAT THE COURT MAKES NO PROMISES WHATSOEVER." During the plea colloquy, defendant swore to the truth of that document, which he indicated he signed in consultation with his attorney, and affirmed his signature and understanding of it "in all respects." He responded in the affirmative when asked if he wished to give up his right to appeal, admitted to the specific proscribed conduct underlying each count, and entered a guilty plea to each count.

At sentencing, the People honored the agreement and urged that their recommended sentence be imposed. County Court, after stating that it deemed the recommended sentence "inappropriate," imposed an aggregate prison sentence—as corrected the following day—of 12 to 18 years. Defendant later moved pro se pursuant to CPL 440.20 to set aside the sentence and, thereafter represented by counsel, moved pursuant to CPL 440.10 to set aside the judgment of conviction. County Court separately denied the motions in written decisions. Defendant now appeals from the judgment of conviction and the orders denying his CPL article 440 motions.

Initially, we find that defendant entered a knowing, voluntary and intelligent waiver of his right to appeal, which was recited up front as part of the plea agreement, specified in the written agreement which explained that right, and which he specifically affirmed during the colloquy(see *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Seaberg*, 74 NY2d 1, 10 [1989]; *see also People v Lopez*, 6 NY3d 248, 254 [2006]; *cf. People v Riddick [SB]*, 40 AD3d 1259, 1259-1260 [2007], *lv denied* 9 NY3d 925, 926 [2007]; *People v Evans*, 27 AD3d 905, 905-906 [2006], *lv denied* 6 NY3d 847 [2006]).*

Next, we find that defendant's guilty plea was also knowing, voluntary and intelligent and County Court properly denied his postplea motions to vacate. Contrary to defendant's contentions, County Court never expressly agreed to bind itself to the sentence recommendation, instead advising defendant during the plea colloquy—albeit indirectly—that he "could get up to 54 years whether [he is] convicted *by plea* or after a trial [by] a jury" (emphasis added). Also, although the court did not elicit that defendant had read that document, the signed written agreement explicitly highlighted in large bold print that the court was making no sentencing promises. Thus, we are not persuaded by defendant's claims that he entered the plea reasonably believing that the court had committed to the sentence recommendation and that the court's deviation entitled him to withdraw his plea (*see People v McKenzie*, 28 AD3d 942, 943 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Kane*, 6 AD3d 986, 987 [2004]; *People v Santana*, 284 AD2d 730, 730 [2001], *lv denied* 96 NY2d 924 [2001]; *People v Hadsell*, 249 AD2d 682, 684 [1998], *lv denied* 92 NY2d 852 [1998]; *cf. People v Saletnik*, 285 AD2d 665, 668 [2001]).

To be sure, however, the better practice is for the trial court (or counsel)—in all such cases—to explicitly and clearly advise the defendant on the record, prior to the acceptance of the plea, that the court is not bound to follow the People's sentence recommendation (*see People v Lopez*, 6 NY3d at 256; *see e.g. People v McKenzie*, 28 AD3d at 943; *People v Santana*, 284 AD2d at 731; *People v Hadsell*, 249 AD2d at 684), rather than simply advising what maximum sentence he could receive if convicted on the plea (or after trial) or relying on a statement of noncommitment buried in a lengthy written plea agreement. However, on the record before us, we find that defendant was adequately

---

* However, it would have been better if County Court either explained the appeal waiver to defendant on the record or asked specifically if he had discussed it with counsel (*see People v Phillips*, 28 AD3d 939 [2006], *lv denied* 7 NY3d 761 [2006]).

advised of the plea terms, including that County Court was not bound by the recommendation and was not making a sentencing commitment.

Defendant also argued in his CPL 440.10 (1) motion that his plea should be vacated because he was never given a chance to read the written plea agreement at the time he signed it, and his attorney never read or explained it to him or advised him that County Court would not be bound by the People's recommendation, but instead led him to believe he would get the recommended sentence. He also alleged that he was "heavily medicated and confused" and was "having trouble hearing the Judge" at the plea colloquy. However, these conclusory allegations contained in defendant's self-serving affidavit are unsupported by any other evidence in the record and are contradicted by the transcript of the plea colloquy, in which defendant affirmed that he signed the document in consultation with his attorney and understood it "in all respects" and swore to its truth. Defendant also expressly disclaimed having any disability affecting his ability to understand the document or the proceedings and affirmed that no other promises had been made to him. Accordingly, the court's denial of that portion of defendant's motion without a hearing was not improvident (*see* CPL 440.30 [4] [d]; *see also People v Sayles*, 17 AD3d 924, 924-925 [2005], *lv denied* 5 NY3d 794 [2005]; *People v Woodard*, 23 AD3d 771, 772 [2005], *lv denied* 6 NY3d 782 [2006]; *Matter of Cadejah AA.*, 34 AD3d 1141, 1142 [2006]).

Defendant's remaining claims of ineffective assistance are unsupported by the record, which reflects that he expressed satisfaction with counsel during the plea colloquy, and the contrary conclusory allegations raised in his motions to vacate were reasonably rejected without a hearing (*see* CPL 440.30).

Finally, given defendant's valid waiver of the right to appeal, he has forfeited the right to challenge the sentence as harsh and excessive (*see People v Lopez*, 6 NY3d at 256; *People v Clow*, 10 AD3d 803, 804 [2004]). Defendant's claims that he was entitled to be present in court (*see* CPL 380.40) when County Court corrected his sentence the day after sentencing is raised for the first time on appeal and, as such, is unpreserved for our review. In any event, the official transcript of the amended sentence states "Defendant Present in Person" and the legal correction of the sentence consisted of reducing the maximum sentences for the 1996 crimes so they did not exceed twice the minimum.

We have considered defendant's remaining contentions and find them unavailing.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and orders are affirmed.