(May 15, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY M. LOPEZ JR., Appellant. [858 NYS2d 435]—

Mercure, J.P. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered September 20, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the second degree.

Defendant was arrested after a search of his vehicle at a United States Border Patrol checkpoint uncovered 100 pounds of marihuana. Defendant subsequently waived indictment and agreed to be prosecuted by a superior court information charging him with criminal possession of marihuana in the second degree. Thereafter, defendant pleaded guilty to the crime charged in exchange for the People's promise to recommend a term of imprisonment of two years. Prior to accepting his plea, County Court advised defendant that a period of postrelease supervision of one to two years would be imposed and that no promises or commitments were otherwise being made regarding sentencing. Subsequently, although the People recommended a two-year prison term, County Court sentenced defendant as a second felony offender to a prison term of four years with two years of postrelease supervision. Defendant now appeals.

Defendant contends that he should be allowed to withdraw his plea based on his sentence exceeding the term the People

agreed to recommend pursuant to the plea agreement. While defendant did move to vacate his sentence pursuant to CPL 440.20, his failure to make a motion to withdraw his plea or vacate the judgment renders this issue unpreserved for review (*see People v McCann*, 303 AD2d 780, 781 [2003], *lv denied* 100 NY2d 584 [2003]; *People v Hartford*, 217 AD2d 798, 800 [1995]). Moreover, reversal in the interest of justice is unwarranted. While a defendant must be afforded the opportunity to withdraw his or her plea when the plea was induced by a court's sentencing promise and the court subsequently finds that sentence to be inappropriate (*see People v McConnell*, 49 NY2d 340, 346 [1980]; *People v Martin*, 17 AD3d 775, 776 [2005]), County Court explicitly informed defendant during the plea allocution that there were no promises being made regarding his sentence and advised him of the potential maximum sentence that he faced, which he indicated that he understood. Absent a commitment by the court to sentence defendant pursuant to the People's recommendation, the imposition of a harsher sentence did not entitle him to withdraw his plea (*see People v Bunce*, 45 AD3d 982, 984 [2007]; *People v McKenzie*, 28 AD3d 942, 943 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Hartford*, 217 AD2d at 799-800). Finally, while we agree with the People that County Court's remarks regarding the "Indian Nation" were "intemperate" and would have been better left unsaid, the sentence imposed was not harsh and excessive given the enormous amount of contraband involved herein.

Peters, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.