(October 23, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY BOROM, Appellant. [866 NYS2d 391]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered April 7, 2006, convicting defendant upon his plea of guilty of two counts of the crime of attempted robbery in the first degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to two reduced counts of attempted robbery in the first degree. After defendant waived his right to appeal, County Court imposed the agreed-upon sentence. On defendant's appeal, we affirm.

County Court was not required to order a psychological examination to determine defendant's fitness to proceed. Because defendants are presumed competent, the decision to order such an examination lies within the sound discretion of the trial court and must be based upon reasonable grounds to believe that the defendant lacks capacity to stand trial (see CPL 730.30 [1]; People v Surdis, 23 AD3d 841, 843 [2005], lv denied 6 NY3d 818 [2006]; People v Daley, 302 AD2d 745, 746 [2003]; People v Maldonado, 273 AD2d 537, 540 [2000], lv denied 95 NY2d 867 [2000]). Here, although defendant informed the court that he was diagnosed as bipolar and schizophrenic, he also stated that he understood the proceedings, he was prescribed several medications for these disorders, he had taken his medications on the morning of his plea and the medications made his head clearer. Defense counsel mentioned defendant's mental illness and his previous confinement in a prison psychiatric unit, but counsel never requested an examination and averred that he had

thoroughly discussed the plea with defendant and recommended it. Under the circumstances, the court reasonably exercised its discretion by not ordering a CPL article 730 examination (*see People v Douglas*, 26 AD3d 522, 524 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Surdis*, 23 AD3d at 843).

Defendant contends that his plea was involuntary due to his mental illness. The record, including County Court's thorough and detailed questioning and defendant's lucid responses, does not support this contention (*see People v Kagonyera*, 23 AD3d 840, 841 [2005]).

Counsel's decision not to request a mental examination did not amount to ineffective assistance. Counsel was aware of defendant's mental health issues and placed those issues before the court. Defendant's behavior in court did not indicate that he was an incapacitated person (*see* CPL 730.10 [1]). Defendant asserts that the record lacks proof that he was aware of a potential defense based upon his mental condition. This assertion, based on information outside the record, must be raised in a motion pursuant to CPL article 440 (*see People v Corbett*, 52 AD3d 1023, 1024 [2008]).

Defendant's valid waiver of appeal bars his argument that his sentence is harsh and excessive (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Phillips*, 41 AD3d 969, 970 [2007]).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.