■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO ORTIZ, Appellant. [878 NYS2d 491]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered March 28, 2003, convicting defendant upon his plea of guilty of two counts of the crime of rape in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with two counts of the crime of rape in the second degree. Defendant pleaded guilty to both counts and was sentenced pursuant to the plea agreement to a term of imprisonment of 2 to 6 years on each count, with the sentences to run concurrently. On this appeal, defendant argues that County Court erred by failing to order a competency evaluation on its own motion. We do not agree.

"[A] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, [he] is incapable of assisting in his . . . own defense or of understanding the proceedings against him"

*(People v Surdis*, 23 AD3d 841, 843 [2005], *lv denied* 6 NY3d 818 [2006] [internal quotation marks and citations omitted]; *see People v Sebast*, 32 AD3d 615, 615-616 [2006], *lv denied* 7 NY3d 870 [2006]). Here, although a presentence evaluation report indicated that defendant is mildly mentally retarded, in light of defendant's lucid and coherent responses to County Court's inquiries during allocution as well as assurances by both defendant and his counsel that defendant fully understood the plea proceedings, we find that the court did not abuse its discretion in failing to order a competency hearing sua sponte (*see People v Borom*, 55 AD3d 1041, 1041-1042 [2008]; *People v Surdis*, 23 AD3d at 843; *People v Kron*, 8 AD3d 908, 909 [2004], *lvs denied* 3 NY3d 708, 758 [2004]; *People v Reynolds*, 290 AD2d 591, 591-592 [2002]).

Peters, Lahtinen, Kane and McCarthy, JJ., concur. Ordered that the judgment is affirmed.