(May 13, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY R. WINTERS, Appellant. [903 NYS2d 162]—

Cardona, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 16, 2008, convicting defendant upon her plea of guilty of the crime of manslaughter in the first degree.

In connection with the drowning death of the two-year-old victim, defendant pleaded guilty to manslaughter in the first degree and waived her right to appeal. She was sentenced as a second violent felony offender to an agreed-upon sentence of 20 years followed by five years of postrelease supervision. On appeal, defendant contends that County Court erred in not ordering a competency hearing prior to accepting her plea and that her lack of competence rendered her appeal waiver and plea involuntary.

A defendant is presumed to be competent and a competency hearing is not warranted, as a matter of law, "unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him [or her]" (*People v Trotter*, 28 AD3d 947, 948 [2006] [internal quotation marks and citations omitted], *lv denied* 7 NY3d 764 [2006]; *see People v Ortiz*, 62 AD3d 1034, 1034-1035 [2009]). Notably, "a defendant's history of psychiatric illness does not in itself call into question defendant's competence" (*People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]). Here, although the record indicates that defendant suffers from mental illness, defense counsel opposed the People's motion for a competency hearing and repeatedly affirmed that defendant understood the nature of the proceedings and was able to participate in her own defense. Moreover, County Court noted its personal observations of defendant throughout the proceedings, during which she provided coherent and lucid responses to the court's questions, conferred with defense counsel and exhibited no signs that she lacked an understanding of the proceedings against her. Upon this record, we find no abuse of discretion in County Court not ordering a CPL article 730

competency hearing (*see id.* at 766; *People v Ortiz*, 62 AD3d at 1034-1035; *People v Borom*, 55 AD3d 1041, 1041-1042 [2008]).

Next, we are unpersuaded by defendant's contention that her waiver of the right to appeal was not knowingly, voluntarily and intelligently entered. Nothing in the record casts doubt upon her capacity to understand the appeal waiver or otherwise invalidates the voluntariness thereof. Rather, the record establishes that defendant responded appropriately to County Court's inquiries during the plea colloquy, informing the court that although she was taking medication, those medications did not interfere with her ability to understand the plea proceedings. Furthermore, after County Court explained the ramifications of the waiver, defendant acknowledged that she understood the terms thereof and then executed a detailed written appeal waiver in open court (*see People v Ramos*, 7 NY3d 737, 738 [2006]).

Given defendant's valid appeal waiver, she is precluded from challenging the harshness of her sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Her waiver also precludes her claim that she was denied the effective assistance of counsel (*see People v Leigh*, 71 AD3d 1288, 1288 [2010]), except insofar as that argument implicates the voluntariness of her plea. To that extent, the issue is nevertheless unpreserved for our review absent a motion to withdraw her plea or vacate the judgment of conviction (*see People v Parara*, 46 AD3d 936, 937 [2007]). For the same reason, defendant's challenge to the voluntariness of her plea is also unpreserved (*see People v Sorey*, 55 AD3d 1063, 1064 [2008], *lv denied* 11 NY3d 930 [2009]; *People v Conway*, 45 AD3d 1055, 1056 [2007], *lv denied* 10 NY3d 763 [2008]).

Mercure, Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.