■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMY L. MOSHER, Appellant. [911 NYS2d 717]—

McCarthy, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered October 22, 2008, convicting defendant upon her plea of guilty of the crime of attempted arson in the third degree.

After defendant started a fire in the domestic violence shelter where she was residing, she waived indictment, pleaded guilty to a superior court information charging her with attempted arson in the third degree and waived her right to appeal. At sentencing, County Court imposed the agreed-upon sentence of 3 to 6 years in prison and ordered restitution, upon defendant's agreement. Defendant appeals.

Defendant's challenge to the validity of her guilty plea is

unpreserved for appellate review because she failed to move to withdraw her plea or vacate the judgment of conviction (*see People v Hull*, 52 AD3d 962, 963 [2008]). No exception to the preservation requirement applies here. Defendant's statements during the plea colloquy did not cast doubt upon her guilt or raise a potential defense, and County Court was not required to address a possible defense implied in one of her previous written statements to the police.

Defendant's challenge to the validity of her waiver of appeal, however, has merit. The record does not demonstrate that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]). County Court improperly bundled those rights, including in one question a waiver of fundamental trial rights as well as the right to appeal. The written waiver of appeal also failed to explain that the right to appeal was separate and distinct from other rights. Accordingly, as the court could not be certain that defendant understood the nature of her appeal rights and waived them knowingly and intelligently, the waiver of appeal was invalid (*see id.*).

The sentence of imprisonment was not harsh or excessive. Defendant had multiple prior convictions and endangered several people by starting a fire in an occupied residence. Additionally, the sentence imposed was agreed upon as part of the plea bargain.

Due to inconsistences between what was agreed to at sentencing and the order directing the payment of restitution, we must remit for County Court to address that issue. At sentencing, the court noted that restitution had been requested, but it had not been discussed during the plea colloquy. The court stated that because restitution was not included as part of the plea bargain, defendant had an option. She could either pay $320 in fees—as mentioned during the plea colloquy—to be deducted by the Department of Correctional Services during her incarceration, or she could agree to pay only $50 in fees and $643.65 in restitution, with the restitution ordered to be paid in a lump sum within 10 years. Her attorney announced that defendant preferred "to go the restitution route." The court signed a restitution order with the lump-sum payment section crossed out, instead listing under the "[o]ther" category that payment was to be made "[i]n full by October 22, 2018." The order also included a section stating that the Department of Correctional Services was authorized to deduct restitution from defendant's inmate account. The court's statements on the record and the

written restitution order are inconsistent. Under these circumstances, we remit the matter to County Court to ensure that defendant receives the benefit of her decision to pay restitution. Defendant was presented with information concerning two options and made an informed choice to pay restitution, with a benefit to her in the form of a delay of her obligation to make payments for up to 10 years, rather than immediate deductions from her inmate account. As her decision was knowing and intelligent, defendant is not permitted to withdraw her consent to pay restitution; the remedy is only to clarify her restitution obligations by resolving any discrepancy between what the court orally promised her and what the written order said, and to ensure that she is actually getting what she agreed to.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the facts, by vacating the restitution order; matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.