(March 24, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. BUDWICK, Appellant. [918 NYS2d 750]—

McCarthy, J.

Defendant was charged in two indictments with various crimes. He simultaneously pleaded guilty to robbery in the first degree in satisfaction of one indictment and attempted burglary in the third degree in satisfaction of the other, and waived his right to appeal. County Court thereafter sentenced defendant, as a second felony offender, to an aggregate prison term of 20 years to be followed by postrelease supervision of five years. Defendant now appeals.

We affirm. Defendant contends that his appeal waivers and guilty pleas were involuntary given his history of psychological problems. With regard to the former, County Court explained the ramifications of an appeal waiver, which defendant stated he understood. Defendant then consulted with counsel and executed detailed written appeal waivers for each indictment. As such, we conclude that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v Winters*, 73 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 811 [2010]).

Defendant's related claim that County Court erred in failing to conduct a competency hearing survives his appeal waivers to the extent that it implicates the voluntariness of his guilty pleas, but is unpreserved due to his failure to move to withdraw his guilty pleas or vacate the judgments of conviction (*see People v Stoddard*, 67 AD3d 1055, 1055 [2009], *lv denied* 14 NY3d 806 [2010]). Regardless, defendant is presumed to be competent, and his history of psychiatric problems alone does not call his competence into question (*see People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *People v Winters*, 73 AD3d at 1277). Inasmuch as defendant gave "lucid and coherent responses" throughout the detailed plea colloquy, and County Court obtained assurances that defendant understood the proceedings and was competent to proceed, County Court did not abuse its discretion by not ordering a competency hearing sua sponte (*People v Ortiz*, 62 AD3d 1034, 1035 [2009]; *see People v Winters*, 73 AD3d at 1277).

Finally, as defendant was aware of his sentencing exposure and that no specific sentencing commitment had been made, his challenge to the sentences imposed as harsh and excessive is precluded by his valid appeal waivers (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Gibson*, 30 AD3d 777, 778 [2006]).

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgments are affirmed.