■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER L. MACDUFF, Appellant. [920 NYS2d 750]—

Stein, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered January 6, 2010, convicting defendant upon her plea of guilty of the crimes of robbery in the second degree, criminal possession of a weapon in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with robbery in the second degree, criminal possession of a weapon in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree. Defendant pleaded guilty to these charges and, as pertinent here, received concurrent sentences resulting in an aggregate prison term of six years* to be followed by two years of postrelease supervision. Defendant now appeals.

Defendant's claim that her plea was rendered involuntary by

---

* Although defendant contends on appeal that she was sentenced to a term of imprisonment of 8½ years, apparently under the belief that the sentences imposed were to run consecutively, we conclude otherwise. The record reveals that County Court did not specify whether the sentences imposed were to run concurrently or consecutively. However, inasmuch as "more than one sentence of imprisonment [was] imposed on [defendant] for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other," defendant's sentences must run concurrently (Penal Law § 70.25 [2]).

the ineffective assistance of counsel is unpreserved for our review in light of her failure to move to withdraw her plea or vacate the judgment of conviction (*see People v Miller*, 70 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 890 [2010]; *People v Jenks*, 69 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]). In any event, our review of the record reveals that defendant was the beneficiary of a favorable plea deal and we perceive nothing in the record that casts doubt on counsel's provision of meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Heier*, 73 AD3d 1392, 1393 [2010], *lv denied* 15 NY3d 805 [2010]).

Defendant's claim that her sentence was harsh and excessive is unpersuasive. The record shows that the plea agreement did not include a commitment by County Court with respect to sentencing, and defendant's aggregate sentence of six years in prison is significantly less than the maximum term to which she was exposed (*see* Penal Law § 70.02). In our view, the record does not demonstrate any extraordinary circumstances or an abuse of discretion by County Court warranting a reduction of defendant's sentence in the interest of justice (*see People v Velazquez*, 67 AD3d 1124, 1124 [2009], *lv denied* 14 NY3d 894 [2010]).

Mercure, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.