■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY E. KLAGES II, Appellant. [934 NYS2d 259]—

Kavanagh, J.

In July 2008, an indictment was filed charging defendant with attempted murder in the first degree and six counts of assault in the first degree in connection with an allegation that he tortured and dismembered the victim in an apartment located in the Village of Massena, St. Lawrence County. Specifically, on January 31, 2008, police received a complaint regarding a stabbing and responded to the apartment. When they arrived, defendant answered the door of the apartment covered with blood over his entire person and, inside, the police found the victim severely injured with numerous stab wounds to his groin, eyes and legs, his penis had been cut off and one eye had been forcibly removed from its socket.

Defendant filed a notice of intent to present psychiatric evidence (*see* CPL 250.10), but later agreed to plead guilty to two counts of assault in the first degree, in return for a 19-year sentence on each count, to be served consecutively, plus five years of postrelease supervision and restitution. He was later sentenced in accord with this plea agreement, and ordered to pay approximately $157,000 in restitution in connection with the medical expenses incurred by the victim as a result of the injuries sustained in the assault. Defendant now appeals.

Initially, we note that defendant was never expressly advised during his plea allocution or in writing that his "right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" and, therefore, we find that the waiver of his right to appeal was invalid (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Mosher*, 79 AD3d 1272, 1273 [2010], *lv denied* 16 NY3d 834 [2011]). However, inasmuch as defendant never moved to withdraw his guilty plea or to vacate the judgment of conviction, his claims challenging the factual sufficiency and voluntariness of his plea are unpreserved for our review (*see People v Louree*, 8 NY3d 541, 545 [2007]; *People v Daniels*, 86 AD3d 861 [2011]; *People v Budwick*, 82 AD3d 1447, 1448 [2011], *lv denied* 17 NY3d 857 [2011]). Moreover, nothing said by defendant during his plea allocution served to raise any question as to his guilt or voluntariness of his plea and, thus, the exception to the preservation rule does not apply (*see People v Daniels*, 86 AD3d at 861; *People v Good*, 83 AD3d 1124, 1125 [2011], *lv denied* 17 NY3d 816 [2011]; *People v Harris*, 82 AD3d 1449, 1449 [2011]).

Similarly, his contention that County Court should have ordered a psychological examination to determine his competency is also unpreserved (*see People v Stoddard*, 67 AD3d 1055, 1055 [2009], *lv denied* 14 NY3d 806 [2010]). Also, a criminal defendant is presumed competent to stand trial (*see People v*

*Budwick*, 82 AD3d at 1448) and "the decision to order such an examination lies within the sound discretion of the trial court and must be based on reasonable grounds to believe that the defendant lacks capacity to stand trial" (*People v Borom*, 55 AD3d 1041, 1041 [2008]; *see* CPL 730.30 [1]). Here, defendant did not challenge his competency or suggest that he was unable to understand the nature of the proceedings or the charges that had been filed against him. In fact, he fully participated in the proceedings, writing two letters to the court on his own behalf in which—in a reasonable and intelligent manner—he discussed the proceedings and voiced his concerns regarding his prosecution. While we are obviously aware of the horrendous nature of the crimes for which defendant stands convicted, as well as his history of mental illness, we do not find, given all that was before County Court at the time defendant entered his plea, that it erred by not ordering a psychiatric examination to determine defendant's competency (*see People v Borom*, 55 AD3d at 1041; *People Richardson*, 275 AD2d 864, 865 [2000], *lv denied* 95 NY2d 937 [2000]). This conclusion is reinforced by the intelligent and coherent responses that defendant gave to the court during the plea allocution, in which he stated that his medication did not interfere with his ability to understand the proceedings and gave no indication that he did not fully appreciate the consequences of entering a guilty plea to some of the charges contained in the indictment.

We also find that defendant's challenge to the restitution ordered by County Court is not preserved because he failed to request a hearing and did not object to the amount of restitution ordered by the court at the time it imposed sentence (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]). Finally, for obvious reasons, and given the nature of these crimes and defendant's prior criminal record, we see no reasonable basis to modify the sentence imposed by County Court (*see People v Flint*, 66 AD3d 1245, 1246 [2009]; *see also People v Santos*, 63 AD3d 1280 [2009]). Defendant's remaining contentions have been reviewed and found to be without merit.

Mercure, A.P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.