■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS K. BORDEN, Appellant. [936 NYS2d 752]—

Egan Jr., J.

Initially, we agree with defendant that his waiver of the right to appeal was invalid. Only a passing reference was made to the waiver prior to defendant pleading guilty, and at no time during the plea colloquy did County Court explain either the nature of the waiver or the separate and distinct rights being forfeited thereby (*see People v Klages*, 90 AD3d 1149, 1150 [2011]; *People v Mosher*, 79 AD3d 1272, 1273 [2010], *lv denied* 16 NY3d 834 [2011]; *cf. People v Headspeth*, 78 AD3d 1418, 1419 [2010]). Further, although defendant executed a written waiver of appeal—after his plea was accepted and outside of court—there is no indication on the record that defendant discussed this issue with counsel or otherwise understood the right that he was waiving (*cf. People v Williams*, 76 AD3d 1141, 1142 [2010]; *People v Middleton*, 72 AD3d 1336, 1337 [2010]). Under these circumstances, we cannot conclude that defendant's waiver was knowing, intelligent and voluntary (*see People v Riddick*, 40 AD3d 1259, 1259-1260 [2007], *lv denied* 9 NY3d 925 [2007]; *compare People v McDuffie*, 89 AD3d 1154, 1156 [2011]).

As to defendant's remaining arguments, his challenge to the voluntariness and factual sufficiency of his plea, as well as his claim that County Court erred in failing to conduct a competency hearing prior to accepting his plea, are not preserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Klages*, 90 AD3d at 1150; *People v Jones*, 88 AD3d 1029 [2011]; *People v Davis*, 84 AD3d 1645, 1645 [2011], *lv denied* 17 NY3d 815 [2011]; *People v Budwick*, 82 AD3d 1447, 1448 [2011], *lv denied* 17 NY3d 857 [2011]; *People v Coons*, 73 AD3d 1343, 1344 [2010], *lv denied* 15 NY3d 803 [2010]). Moreover, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the plea colloquy—"which included an inquiry into the nature of defendant's mental [health issues], the medications [he] was taking and [his] ability to comprehend the proceedings" (*People v Stoddard*, 67 AD3d 1055, 1056 [2009], *lv denied* 14 NY3d 806 [2010])—that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (*see People v Board*, 75 AD3d 833, 833 [2010]; *People v Lopez*, 74 AD3d 1498, 1499 [2010]). Defend-

ant's related claim that he was denied the effective assistance of counsel also is unpreserved for our review (*see People v Macduff*, 83 AD3d 1292, 1292-1293 [2011]; *People v Fiske*, 68 AD3d 1149, 1150 [2009], *lv denied* 14 NY3d 800 [2010]).

Defendant next contends that his plea was induced by what turned out to be the People's illegal sentencing recommendation[1] and, therefore, the plea should have been vacated in its entirety or, alternatively, he should have been permitted to withdraw his plea. As to this latter claim, we need note only that defendant never asked to withdraw his plea upon this or any other ground. To the extent that defendant argues that the erroneous sentencing recommendation bears upon the voluntariness of his plea, this argument is unpreserved for our review and, in our view, reversal in the interest of justice is unwarranted (*see People v Lopez*, 51 AD3d 1210, 1210-1211 [2008]).

To be sure, "when a defendant's guilty plea has been induced by a sentencing promise which the court later determines is inappropriate [or illegal], that court must afford the defendant the opportunity to withdraw the plea or honor the plea-inducing promise" (*People v Martin*, 17 AD3d 775, 776 [2005]). Here, the People agreed that they would make a specific sentencing recommendation and did so. County Court, however, made no such commitment. Rather, County Court carefully delineated the full range of sentencing options at its disposal (including sentencing defendant to the maximum prison term that he ultimately received), cautioned defendant that the People's sentencing recommendation was simply that—a recommendation—and repeatedly made clear that it was not making any promise or commitment as to sentencing (*see People v Lopez*, 51 AD3d at 1211; *compare People v Martin*, 17 AD3d at 776). Notwithstanding County Court's admonitions,[2] defendant nonetheless elected to plead guilty. Under these circumstances, we discern no need to vacate defendant's plea.

Defendant's remaining contentions, including his claim that the sentence imposed was harsh and excessive, have been examined and found to be lacking in merit.

Peters, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

1. The People agreed to (and did in fact) recommend a sentence of five years of probation, but the minimum term of probation for a felony sexual assault is 10 years (*see* Penal Law § 60.01 [2] [a] [i]; § 65.00 [3] [a] [iii]).

2. Notably, prior to accepting defendant's plea, County Court stated, "I just want you to really know for sure that I'm not promising you that you won't get locked up. I'm not promising. I'm letting you know that it could be state prison . . . If you enter a guilty plea, it's without any assurance about what your sentence would be."