# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**408**

**KA 11-01909**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GARRETT ARCHER, DEFENDANT-APPELLANT.

---

ANTHONY J. CERVI, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 26, 2011. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment that revoked the sentence of probation imposed upon his conviction of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and sentenced him to a determinate term of imprisonment. Contrary to defendant's contention, Supreme Court did not err in denying his motion to withdraw his plea upon revoking the original sentence of a period of probation imposed by the court. "While a defendant must be afforded the opportunity to withdraw his or her plea when the plea was induced by a court's sentencing promise *and* the court subsequently finds that sentence to be inappropriate" (*People v Lopez*, 51 AD3d 1210, 1211 [emphasis added]), here the court made no promises regarding defendant's sentence. Thus, the court was not obligated to afford defendant the opportunity to withdraw his plea (*see id.; People v Carlton*, 2 AD3d 1353, 1354, *lv denied* 1 NY3d 625; *People v Hannig* [appeal No. 1], 258 AD2d 908).

Entered:  April 20, 2012                          Frances E. Cafarell
                                                  Clerk of the Court