People v Chan (2023 NY Slip Op 01209)

People v Chan

2023 NY Slip Op 01209

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

111826
[*1]The People of the State of New York, Respondent,
v
Devon Chan, Appellant.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

McShan, J.
Appeal from a judgment of the Supreme Court (Peter A. Lynch, J.), rendered May 7, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In satisfaction of an eight-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal. Defendant was informed of the determinate sentencing range to which he was exposed — a minimum of 6 years and a maximum of 15 years in prison — and advised that there was no sentence commitment, other than that the People would recommend seven years in prison if defendant chose not to cooperate in controlled gun buys. In the event that defendant chose to cooperate in controlled gun buys, there was a possibility, depending on the nature and level of that cooperation, that the People would potentially join in a motion for defendant to withdraw his plea and enter a guilty plea to a misdemeanor. Defendant was released pending sentencing and cooperated in two controlled gun buys, resulting in the recovery of three guns. Defendant's release was thereafter revoked upon consent based upon his subsequent arrest.
Defendant thereafter moved for specific performance of the plea agreement, asserting that his cooperation in the recovery of various guns, including those which were recovered by means other than a controlled buy, entitled him to vacatur of the plea and entry of a plea to a misdemeanor in accordance with the plea agreement. Supreme Court denied the motion and sentenced defendant, as a drug offender with a prior violent felony offense, to a prison term of seven years followed by three years of postrelease supervision — which was consistent with the People's recommendation at sentencing. Defendant appeals.
Initially, defendant contends that the plea was induced by an unfulfilled promise, namely, that, given his level of cooperation, he was entitled to specific performance of the plea agreement to the extent that the People join in a motion to withdraw his plea and he be permitted to enter a plea to a misdemeanor. Although this issue is not precluded by the waiver of the right to appeal (see People v Rapp, 133 AD3d 979, 980 [3d Dept 2015]; People v Carter, 64 AD3d 1089, 1091 [3d Dept 2009], lv denied 13 NY3d 835 [2009]), it is nevertheless without merit.
Defendant asserts that the extent of his cooperation was not adequately assessed and that he should have been credited with the eventual recovery of certain guns not procured through a controlled buy — even though he was not forthcoming when questioned by law enforcement about the manner in which those guns were obtained or about the location of and his involvement in hiding them. His subjective assessment of the nature and extent of his cooperation is not a sufficient basis to support a claim of specific performance (see People v Collier, 22 NY3d 429, 433 [2013], cert denied 573 US 908 [2014]). [*2]Moreover, the unequivocal terms of the plea agreement reflect that "no promises" were made with regard to sentencing, and, although there was the potential of a joint motion to vacate the plea, defendant was advised that the ultimate sentence was dependent upon all the facts and circumstances at the time of sentencing. Further, the letter from the People outlining the plea agreement specifically provided that any potential for vacating the plea based upon defendant's cooperation "was not a guarantee" and not subject to any finite parameters or formula, but more subjective based upon the nature and worth of the guns recovered. The value of the cooperation was discretionary and, given that the record reflects that the People made a good-faith determination that defendant did not provide sufficient cooperation, no promises were breached by the People so as to support defendant's request for specific performance (see People v Anonymous, 278 AD2d 111, 112 [1st Dept 2000], lv denied 96 NY2d 797 [2001]; People v Anonymous, 253 AD2d 709, 710 [1st Dept 1998], lv denied 92 NY2d 980 [1998]).
To the extent that defendant challenges the severity of the sentence imposed, it is precluded by his unchallenged waiver of the right to appeal (see People v Golden, 171 AD3d 1357, 1357-1358 [3d Dept 2019]). Further, defendant's contention that the People were required to recommend less than a seven-year prison term is not preserved for our review as it was not a basis for the motion for specific performance and defendant did not object to that recommendation at sentencing or subsequently move to vacate the judgment (see People v Lopez, 51 AD3d 1210, 1211 [3d Dept 2008]).
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.