■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY YEARBY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered June 9, 1981, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 728; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMER ZADA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Rockland County (Rosenblatt, J.), rendered March 10, 1980, convicting him of murder in the second degree (two counts), attempted sodomy in the first degree and aggravated sexual abuse, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant's contention that trial counsel's failure to pursue an insanity defense on his behalf resulted in a denial of his constitutional right to the effective assistance of counsel is without basis. The record herein is barren of any indication that defendant suffers or has suffered from a mental disease or defect. The decision of defendant's experienced trial counsel to pursue a defense of police fabrication represented a conscious choice of trial strategy. It in no respect was indicative of incompetence (see *People v Lane,* 60 NY2d 748, 750, citing *People v Baldi,* 54 NY2d 137). We have considered the remaining contentions raised by defendant's appellate counsel and by defendant *pro se,* and find them to be without merit. Mollen, P. J., Titone, Bracken and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMER ZADA, Appellant. — Motion by defendant for an extension of time to file a *pro se* supplemental brief, or, in the alternative, that this court consider the arguments raised in his letters and motion as if they were included in a supplemental brief. Motion granted to the extent that the arguments raised by appellant in his letters and motion have been considered in the determination of his appeal. Mollen, P. J., Titone, Bracken and Brown, JJ., concur.