■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SALVATORE W. LAMAGNA, Appellant. [817 NYS2d 795]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered February 3, 2005. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree and, upon his plea of guilty, of endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the orders of protection and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon

a jury verdict of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and upon his plea of guilty of endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that the evidence is legally insufficient to establish that he attempted to rape the victim (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that defendant struck the victim from behind, knocking her to the ground, climbed on top of her and moved a towel that he was holding toward her face. The victim fought back and was able to break free. Defendant admitted to the police that he was thinking about having sex with the victim and that he knew that, if he was going to do so, he would have to use force and would have to use the towel to keep her quiet. The People thus presented the requisite evidence "that defendant intended to commit rape and that he came dangerously close to doing so" (*People v Jackson*, 11 AD3d 369, 370 [2004], *lv denied* 3 NY3d 757 [2004]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant failed to preserve for our review his contention that County Court lacked authority to direct the prosecutor and defense counsel that they should not state the last names of the prospective jurors during voir dire (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that, in setting the duration of the order of protection imposed upon the felony conviction, the court erred in failing to take into account the jail time credit to which he was entitled and erred in adding the period of postrelease supervision to the length of the determinate sentence imposed. Defendant also contends that the court erred in fixing the duration of the order of protection imposed upon the misdemeanor conviction by using five years from the date of conviction, rather than three years. Although defendant failed to preserve his contentions for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we nevertheless exercise our power to review his contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). As the People correctly concede, the orders of protection are improper to the extent indicated by defendant (*see* Penal Law § 70.30 [3]; CPL 530.13 [4]; *People v Victor*, 20 AD3d 927 [2005], *lv denied* 5 NY3d 833, 885 [2005]; *People v Grice*, 300 AD2d 1005, 1006 [2002], *lv denied* 99 NY2d 654 [2003]; *People v Harris*, 285 AD2d 980 [2001]). We therefore modify the judgment by amending the orders of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled

and to specify in the order of protection upon the felony conviction an expiration date that is three years from the date of expiration of the maximum term of the sentence and to specify in the order of protection upon the misdemeanor conviction an expiration date that is three years from the date of conviction (*see Victor*, 20 AD3d at 928; *Grice*, 300 AD2d at 1006). Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.