# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**95**

**KA 08-00133**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GEORGE C. HERRING, DEFENDANT-APPELLANT.

---

STEPHEN BIRD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 12, 2007. The judgment convicted defendant, upon a jury verdict, of attempted aggravated murder, attempted aggravated assault upon a police officer or a peace officer, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted aggravated murder (Penal Law §§ 110.00, 125.26 [1] [a] [i]; [b]) and attempted aggravated assault upon a police officer or a peace officer (§§ 110.00, 120.11). Contrary to defendant's contention, the verdict is not against the weight of the evidence. A police officer testified that he was responding to a dispatch regarding multiple gun shots fired when he encountered defendant, who matched the description of one of the suspects. The officer exited his vehicle and shouted to defendant to "hold up a second." Defendant at first lunged forward as if he were preparing to run away, but then he suddenly stopped, turned around, said "F*** this," and pulled out a handgun and fired three shots in the officer's direction. After a foot chase, defendant was apprehended in a backyard. The following morning, the police found a handgun on a rooftop in the vicinity of the backyard where defendant had been arrested, and a ballistics test determined that it was the gun that had fired three casings collected at the scene of the crime. After defendant was arrested, an officer observed that defendant had a cut on his hand between his thumb and index finger, and the previous owner of the handgun testified that he had sustained a similar cut on his hand after firing the weapon. Finally, the People introduced evidence that DNA from a bloodstain found on the gun matched

defendant's DNA.  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that a different verdict would have been unreasonable and thus that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that defense counsel's summation deprived him of the effective assistance of counsel.  Defense counsel's theory of police fabrication and malfeasance was " 'a reasonable trial strategy in the face of strong opposing evidence' " (*People v Maxwell*, 103 AD3d 1239, 1241, *lv denied* 21 NY3d 945; *see People v Zada* [appeal No. 1], 98 AD2d 733, 733; *see generally People v Benevento*, 91 NY2d 708, 712-713).  Finally, the sentence is not unduly harsh or severe.

Entered:  February 3, 2017                      Frances E. Cafarell
                                                Clerk of the Court