People v Lendof-Gonzalez (2019 NY Slip Op 01904)





People v Lendof-gonzalez


2019 NY Slip Op 01904


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


175 KA 18-00174

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENITO LENDOF-GONZALEZ, DEFENDANT-APPELLANT. 






ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.
BENITO LENDOF-GONZALEZ, DEFENDANT-APPELLANT PRO SE.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (John L. Michalski, A.J.), rendered September 19, 2017. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree (two counts), attempted murder in the second degree (two counts) and criminal solicitation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of attempted murder in the first degree and attempted murder in the second degree, and dismissing counts three through six of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vi]; [b]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), and one count of criminal solicitation in the second degree (§ 100.10). Defendant contends in his main brief that the conviction is not supported by legally sufficient evidence on the four counts charging him with the crimes of attempted murder in the first and second degrees, because the evidence is insufficient to establish attempts to commit those crimes. We agree.
Prior to the events that led to this conviction, defendant had been arrested for allegedly attacking his wife, and he was remanded to the Niagara County Jail. The evidence from the trial in this matter, viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), establishes that defendant, while in the jail, passed a series of notes to an inmate in a neighboring cell, asking that inmate to kill defendant's wife and her mother. In those notes, defendant explained that he wanted the two women killed by injecting them with heroin and other substances, and that defendant's children were to be taken from his wife's house and given to a friend. Defendant also indicated a date on which the inmate was to commit the crimes, stated the place where it was to occur, told the inmate how to place certain items within the crime scene, and provided a map to the location where the inmate would find the friend who would take the children. Defendant promised to give the inmate a house in return for the killings. Defendant and the inmate also discussed the plan in person after the inmate was released on bail, and defendant made telephone calls to the inmate and the inmate's girlfriend concerning the plan.
Unbeknownst to defendant, the inmate immediately contacted jail authorities and informed them of defendant's proposal. The inmate spoke to investigators, allowed them to copy the notes and eventually gave them the original notes, made a deal with an assistant district attorney, and told defendant that the crimes had been committed. Nevertheless, the inmate did nothing to effectuate the crimes.
In order to be legally sufficient to support a conviction of an attempt to commit any of the [*2]charged crimes, the evidence must establish that defendant engaged in conduct that "tends to effect the commission of such crime" (Penal Law § 110.00). The Court of Appeals has made it clear that the statute "was not intended to eliminate the preexisting requirement that an attempt come very near to the accomplishment of the intended crime before liability could be imposed" (People v Mahboubian, 74 NY2d 174, 190 [1989] [internal quotation marks omitted]). Thus, "[t]he defendant's conduct must have passed the stage of mere intent or mere preparation to commit a crime,' but the defendant need not have taken the final step necessary' to accomplish the crime in order to be guilty of an attempted crime" (People v Denson, 26 NY3d 179, 189 [2015]). "Acts of preparation to commit an offense do not constitute an attempt . . . There must be a step in the direct movement towards the commission of the crime after preparations have been made . . . Likewise, acts of conspiring to commit a crime, or of soliciting another to commit a crime do not per se constitute an attempt to commit the contemplated crime" (People v Trepanier, 84 AD2d 374, 377 [4th Dept 1982], lv denied 56 NY2d 655 [1982] [internal quotation marks omitted]). Consequently, the People must establish that defendant "engaged in conduct that came dangerously near commission of the completed crime" (People v Naradzay, 11 NY3d 460, 466 [2008], rearg dismissed 17 NY3d 840 [2011] [internal quotation marks omitted]; see Denson, 26 NY3d at 189; People v Kassebaum, 95 NY2d 611, 618 [2001], rearg denied 96 NY2d 854 [2001], cert denied 532 US 1069 [2001]; People v Acosta, 80 NY2d 665, 670 [1993]).
Initially, we conclude that the People's reliance upon accessorial liability in several of the attempted murder counts is unavailing. As is the case with defendant, as discussed below, the People failed to establish that any accessory took any step that brought the crimes "dangerously near" to completion (Naradzay, 11 NY3d at 466 [internal quotation marks omitted]). To the contrary, the people who defendant thought were assisting him did not actually take any steps to bring the crimes closer to completion.
With respect to both the actions of the purported accessories and to defendant's actions, we conclude that the evidence, viewed in the light most favorable to the People (see Gordon, 23 NY3d at 649; People v Contes, 60 NY2d 620, 621 [1983]), fails to establish that defendant engaged in conduct that came "dangerously near commission of the completed crime" (Naradzay, 11 NY3d at 466 [internal quotation marks omitted]). The evidence establishes only that defendant planned the crimes, discussed them with the inmate in the next cell and with that inmate's girlfriend, and exchanged notes about them. Thus, inasmuch as " several contingencies stood between the agreement in the [jail] and the contemplated [crimes],' defendant[] did not come very near' to accomplishment of the intended crime[s]" (Acosta, 80 NY2d at 671). Where, as here, the evidence fails to establish that defendant took any action that brought the crime close to completion, no matter how slight (see e.g. People v Bush, 4 Hill 133, 135 [Sup Ct of Judicature 1843]; cf. People v Lamagna, 30 AD3d 1052, 1053 [4th Dept 2006], lv denied 7 NY3d 814 [2006]), the evidence is not legally sufficient to support a conviction of attempt to commit that crime (see People v Flores, 83 AD3d 1460, 1461 [4th Dept 2011], affd 19 NY3d 881 [2012]). We therefore modify the judgment by reversing those parts convicting defendant of attempted murder in the first and second degrees, and we dismiss those four counts of the indictment.
Contrary to defendant's further contention in his main brief, the court did not violate the requirements of CPL article 730 in determining his competency. After the first indication that defendant might be an incapacitated person, the court issued the requisite "order of examination" (CPL 730.30 [1]), two psychiatric examiners properly examined defendant (see CPL 730.20 [1], [5]), and each psychiatric examiner provided a report to the court opining that defendant was not an incapacitated person within the meaning of the statute (see CPL 730.10 [1]). With respect to the subsequent requests for evaluations of defendant's competence, we conclude that "[t]he record establishes that the court granted defense counsel's request for a forensic examination of defendant by ordering only an informal psychological examination and not by issuing an order of examination pursuant to CPL article 730 . . . [T]he decision of the court to order an informal psychological examination was within its discretion . . . and did not automatically require the court to issue an order of examination or otherwise comply with CPL article 730" (People v Castro, 119 AD3d 1377, 1378 [4th Dept 2014], lv denied 24 NY3d 1082 [2014] [internal quotation marks omitted]; see People v Morales, 148 AD3d 1638, 1638-1639 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]). We note that all four evaluations that were conducted indicated that defendant was not an incapacitated person, and no hearing on the issue of defendant's [*3]competency was requested by anyone, including defense counsel.
Inasmuch as defendant challenges in his main brief the severity of the sentence only with respect to the counts of attempted murder in the first and second degree, that contention is moot in light of our determination.
Defendant's contention in his pro se supplemental brief that he was deprived of effective assistance of counsel "is based on matters outside the record on appeal, [and therefore] his contention must be raised by way of a motion pursuant to CPL article 440" (People v McClary, 162 AD3d 1582, 1583 [4th Dept 2018]). We reject the further contention in his pro se supplemental brief that the prosecutor committed misconduct by failing to call defendant's wife as a witness. To the contrary, "the prosecution had no duty to call her as a witness" (People v Miles, 212 AD2d 975, 975 [4th Dept 1995]). "The prosecution had the obligation to prove its case beyond a reasonable doubt, and it could select the witnesses it considered necessary to accomplish this" (People v Vaughn, 35 AD2d 889, 889 [3d Dept 1970]).
Finally, we have considered the remaining contentions in defendant's main and pro se supplemental briefs, and we conclude that none warrant reversal or further modification of the judgment.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court