People v Barber (2026 NY Slip Op 01634)

People v Barber

2026 NY Slip Op 01634

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

26 KA 23-00965

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vCOURTNEY BARBER, DEFENDANT-APPELLANT. 

ANTHONY J. LANA, BUFFALO, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 28, 2023. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted rape in the first degree (Penal Law §§ 110.00, former 130.35 [1]). We affirm.
Contrary to defendant's contention, the verdict is not against the weight of the evidence. When evaluating the weight of the evidence, we must first determine if "based on all the credible evidence a different finding would not have been unreasonable" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Danielson, 9 NY3d 342, 348 [2007]). Where an acquittal would not have been unreasonable, we must "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348).
In order to establish defendant's guilt of attempted rape in the first degree, the People were required to demonstrate that " 'defendant intended to commit rape and that he came dangerously close to doing so' " (People v Lamagna, 30 AD3d 1052, 1053 [4th Dept 2006], lv denied 7 NY3d 814 [2006]; see also Penal Law §§ 110.00, former 130.35 [1]). Viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349; People v Hendrix, 132 AD3d 1348, 1349 [4th Dept 2015], lv denied 26 NY3d 1145 [2016]), we conclude that a different verdict would have been unreasonable and thus that the verdict is not against the weight of the evidence (see People v Herring, 147 AD3d 1345, 1345 [4th Dept 2017], lv denied 29 NY3d 949 [2017]). Video surveillance captured defendant following the victim for nearly 10 minutes. The victim testified that, thereafter, defendant ran toward her, pushed her to the ground, placed his hand over her mouth, and told her to "be quiet" while he attempted to vaginally penetrate her. The victim tried to call 911, but defendant grabbed her cell phone from her hand. The victim was eventually able to push defendant off of her, at which time he ran away. At the scene, the police recovered the victim's university identification card, lanyard, earbuds, and one of her sneakers, as well as defendant's iPhone, pack of cigarettes, and lighter. The police also found the victim's cell phone, which had defendant's fingerprint on it, about 40 feet away. A vaginal swab indicated the presence of male DNA on the victim. In short, the evidence that "defendant intended to commit rape and that he came dangerously close to doing so" is overwhelming (Lamagna, 30 AD3d at 1053).
Defendant contends that County Court's conduct of allegedly gesturing toward the People to object deprived him of a fair trial. Assuming, arguendo, that his present contention is preserved (see People v Azaz, 10 NY3d 873, 874-875 [2008]; cf. People v Charleston, 56 NY2d 886, 887 [1982]), we conclude that defendant's contention is without merit. A judge must not [*2]"take[ ] on either the function or appearance of an advocate at trial" (People v Arnold, 98 NY2d 63, 67 [2002]). However, "[e]ven if a trial judge makes intrusive remarks that would better have been left unsaid, or questions witnesses extensively, the defendant is not thereby deprived of a fair trial so long as the jury is 'not prevented from arriving at an impartial judgment on the merits' " (People v Adams, 117 AD3d 104, 109 [1st Dept 2014], lv denied 24 NY3d 1000 [2014], quoting People v Moulton, 43 NY2d 944, 946 [1978]). Here, following defendant's objection, the court agreed to give a curative instruction, which the jury is presumed to have followed (see People v Baker, 14 NY3d 266, 274 [2010]), thus eliminating any prejudice to defendant (see People v Stone, 29 NY3d 166, 171 [2017]).
Finally, contrary to defendant's contention, his sentence is not unduly harsh or severe.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court